WILLIAM H. McKINNEY v. MARGARET CURTISS ET AL.

[See 53 Mich. 497.]

*Estates of deceased persons—Powers of commissioners on claims—Decision in no sense a common-law judgment—Attorney at law—Acting for a client not sufficient to charge him with participating in evil intention of such client—Equity jurisdiction—Remedy at law—Must be adequate, complete, and adapted to the particular exigency—In cases of fraud or breach of trust, equity court will retain jurisdiction even though concurrent with that of law court—Judgment—Never, a bar unless rights of party claiming adversely thereto were passed upon, or he had the right to have same adjudicated.*

1. Upon the admitted facts in this case (see statement of same in the opinion) the complainant has made out a case for equitable relief, and the decree appealed from is affirmed.

2. An attorney at law is not to be charged with participation in the evil intentions of his client unless there is much stronger evidence of the fact than that he acts as such attorney when charged with fraudulent intent, or, it may be, when his acts shall turn out to be fraudulent.

3. The remedy at law to be exclusive must be plain, adequate, and complete, and adapted to the particular exigency; and in cases of fraud or breach of trust, equity will retain jurisdiction even though a court of law might take cognizance of the matters.

---

[1] How. Stat. § 6108.

4. The decision of commissioners on claims in the probate court is in no sense a common-law judgment.

5. No judgment in any legal procceding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have the merits of such claim adjudicated.

Appeal from Ionia. (Smith, J.) Argued February 17, 1886. Decided April 15, 1886.

Defendants appeal. Affirmed. The facts are stated in the opinion.

*Wilson & Trowbridge*, for complainant:

The remedy at law must be plain, adequate, and complete to deprive a party of his remedy in equity. If there is a clear right and no remedy at law, or an inadequate one, and not adapted to the particular exigency, equity will maintain jurisdiction; and in cases of fraud and breach of trust, such jurisdiction will be retained even though the law court also has jurisdiction. [See authorities cited in opinion on these propositions. REPORTER]

One of several creditors may file his bill for payment of his debt, and seek a discovery of assets for this purpose only : *Truett v. Wainwright*, 4 Gilm. 428; 1 Story Eq. Jur. § 546; *Thompson v. Brown*, 4 Johns. Ch. 619.

A judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties and privies: *Beeson v. Comly*, 19 Mich. 103 ; *Miller v. Manice*, 6 Hill, 114 ; *Stafford v. Clark*, 2 Bing. 377.

*Mitchel & McGarry*, for defendants :

In support of the claim that the action is barred, counsel cited : *Wales v. Lyon*, 2 Mich. 276 ; *Barker v. Cleveland*, 19 Id. 230 ; *Hazen v. Reed*, 30 Id. 331 ; *Jacobson v. Miller*, 41 Id. 90, 93–4 ; *Hudson v. Judge*, 42 Id. 239 ; *Pierce v. Kneeland*, 9 Wis. 23, 31 ; *Dickinson v. Hayes*, 31 Conn. 417 ; *Kelsey v. Ward*, 38 N. Y. 83 ; *Collins v. Bennett*, 46 N. Y. 491 ; Wharton's Ev. §§ 759, 819 ; Cooley's Const. Lim. 46–7 ; and the joining of new parties as defendants, and change of forum from law to equity, does not alter the situation : *Simpson v. Hart*, 1 Johns. Ch. 91–5 ; *Hazen v. Reed*, 30

Mich. 331; and courts of equity do not permit the retrial of cases already disposed of in the law courts upon the very point made by the bill: *Miller v. Morse*, 23 Mich. 365; *Spoon v. Baxter*, 31 Id. 279.

The remedy in the probate court, and in the circuit court on appeal, both for investigating the accounts and settling claims, is not only sufficient, but is also imperative when once the controversy has been opened: *Green v. Probate Judge*, 40 Mich. 244; *Shelden v. Walbridge*, 44 Id. 251; *Dickinson v. Seaver*, Id. 624, 631.

SHERWOOD, J.    The bill in this case shows that the complainant is a resident of the state of New York; that on the second day of September, 1878, he loaned to John Hamilton, of Ionia, $500, and took his negotiable note, payable to his order, due in one year from date, at seven per cent., therefor; that on the eleventh day of August, 1880, the maker paid one year's interest on the note, and on the thirtieth day of the same month he died at Ionia, leaving the note still in the hands of complainant unpaid, and that complainant always has been and still is the owner thereof; that on the fifth day of July, 1881, Daniel Hamilton, of the county of Ionia, was duly appointed administrator of the estate of John Hamilton by the probate court of said county, and still remains acting as such; that soon after the death of John, the plaintiff, being in Michigan on a visit to Ionia, as he was about to leave for home, indorsed his name upon the back of the note, and left it with George W. French, of Muir, for the purpose of having him present it to the commissioners on the estate, for allowance against the estate; that before the first meeting of the commissioners Margaret Curtiss, the defendant above named, and daughter of John Hamilton, went to the office of Mr. French, with the intent to wrong and cheat the complainant, and obtain possession of the note, and fraudulently obtained possession thereof, saying at the time to said French that she wanted to see the indorsement upon the same, and to see the signature, and that French handed the note to her for the purpose she stated; that as soon as she received the note from him, she put it in her pocket, and immediately left the room; that she did this

against his consent and protest, saying, as she left, "Uncle owes me, and I am going to keep this note," refused to give it up, and a short time thereafter carried it away with her to her residence in the state of Minnesota.

The bill of complaint further charges that said complainant did not owe her anything; that she had no right to take the note, and had no interest whatever therein; that, Mrs. Curtiss being out of the State, the complainant could not replevy the note; that she is entirely insolvent, and ever since has been; and that she and her husband reside in Minnesota.

And complainant further avers that under advice of counsel, at the first meeting of the commissioners, he presented a claim upon said note for allowance, in the following form:

"The Estate of John Hamilton, Dr., to Wm. H. McKinney for money loaned to said Hamilton on the second day of September, 1878, with interest at seven per cent. from date of loan, said loan having been made on a promissory note bearing date September 2, 1878, and signed by John Hamilton, which said note the said McKinney is not able to present at present. We claim to be due from estate, October 20, 1881, $574.65.

"W. H. McKinney,
"By Morse, Wilson & Trowbridge, Attorneys.

"The note being the same one presented to commissioners by Mrs. Curtiss, which note we claim is now owned by said McKinney, and not by Mrs. Curtiss.

| "Amount, | - | - | - | - | - | - | - | - | - | $500 | 00 |
| 2 years' interest, | - | - | - | - | - | - | | | 70 | 00 |
| 1 month, | - | - | - | - | - | - | - | - | | 2 | 91 |
| 18 days, | - | - | - | - | - | - | - | - | 1 | 45 |
| | | | | | | | | | | 29 |

$574 65"

The bill further charges that upon the hearing before the commissioners the defendant Mitchel acted as attorney for the estate, also as attorney for the defendant Mrs. Curtiss; that he appeared for her with said note in his possession, and asked that it be allowed in her favor and against the estate.

That complainant appeared by his attorney, and offered to show, as against the allowance of the note in favor of Mrs. Curtiss, and in favor of its allowance in his behalf, that the note did not belong to Mrs. Curtiss, and that she had no right thereto or interest therein, and that she obtained possession of the same by fraud, and that the complainant was the owner thereof, and entitled thereto ; that these facts, however, were objected to by defendant Mitchel, and that the commissioners would not allow complainant's counsel to make such proofs, and allowed the note in favor of Mrs. Curtiss, and disallowed the complainant's claim therefor as follows :

| NAME OF CLAIMANT, ETC. | AMOUNT CLAIMED. | AMOUNT THEREOF DIS'LOWED. | AMT. FINAL BALANCE IN FAVOR OF CREDITOR. |
|---|---|---|---|
| Mrs. C. C. Curtiss' note v. John Hamilton, dated September 2, 1878, for $500, due in one year, payable to "Wm. H. McKinney." Also "received" on the within note one year's interest, due the second day of September, 1879.<br>Ionia, August 4, 1880.<br>W. H. McKINNEY.<br>Wm. H. McKinney claims same note as presented by Mrs. C. C. Curtiss, claimed to be due October 20, 1881, by his attorneys, Morse, Wilson & Trowbridge. | $582.40 | | (A. B. Morse, attorney for W. H. McKinney, objected to allowance of Mrs. C. C. Curtiss' claim.)<br><br>$582.40 |
| | $574.65 | $574.65 | |

That on the back of the claim presented by complainant, the commissioners indorsed the following : " Disallowed on the ground that the question of ownership of the said note is one that we have no right or jurisdiction to decide."

And the bill further shows that the said Daniel Hamilton, administrator, is also a brother of Mrs. Curtiss, and that, on request of complainant, he refused to take an appeal to the circuit court from the allowance by the commissioner of said note in favor of Mrs. Curtiss, and that complainant took an appeal in both cases to said circuit court ; that complainant's case against the estate was heard in the circuit court, and the circuit judge made the same ruling as did the commissioners, and disallowed his claim, and that said defendant Mitchel appeared upon said trial as attorney for the estate ; that said circuit court decided that it could not hear the testimony showing the complainant to be the owner

of the note and that Mrs. Curtiss' possession of the same was a fraud, and affirmed the report of the commissioners, and that this action of the commissioners and of the circuit court in the premises was subsequently affirmed in this Court (see 53 Mich. 497); that the case of Mrs. Curtiss appealed to the circuit has not yet been tried.

The bill further states, using its own language:

"That the said Daniel Hamilton, combining and confederating with said William W. Mitchel and Margaret Curtiss to cheat and defraud your orator out of the just amount of said note, which belongs to him, will not resist the suit of Mrs. Curtiss, now pending on appeal, as hereinbefore set forth; but will, unless restrained by this court, pay to her or the said William W. Mitchel the amount of said note out of the money in his hands as administrator of said estate of said John Hamilton, deceased.

And your orator further shows that said note belongs to him; that said Margaret Curtiss obtained and holds said note without right, and in fraud of your orator's rights, and that in equity she holds it in trust for his benefit; that the estate of said John Hamilton, deceased, does not dispute the genuineness of said note, or that it is a legal or valid claim against said estate; that said note is now on file in said probate court; and that in none of the proceedings as heretofore taken have the merits of the question as to who owns said note been tried or determined.

And your orator further shows unto the court that the said Margaret Curtiss obtained the said note in the way and manner she did for the express purpose of cheating and defrauding your orator out of the same; that she was advised to do so by said William W. Mitchel, and that he, the said William W. Mitchel, has combined and confederated with her all through said legal proceedings, hereinbefore set forth, to defeat your orator in his attempt to recover the value of said note, or said note, at law, and that William W. Mitchel and said Daniel Hamilton, as administrator of said estate, are now combining and confederating together to still further harass and annoy your orator, and to defraud and cheat him out of his just rights in the premises, by taking means to have said administrator, Daniel Hamilton, pay over, or pretend to pay over, out of the funds of said estate of John Hamilton, the amount of this note and interest to said Margaret Curtiss, or their assignees, and destroy said note; that your orator is informed and believes that the said

William W. Mitchel has already, since the decision of said Supreme Court, taken steps to induce said Daniel Hamilton to pay the amount of said note to him, so that your orator could not reach it.

And your orator further shows ·that, unless enjoined by the order of this court, he is fearful that the amount will be so paid and the note destroyed, and his equitable rights to said note and its value entirely destroyed, and barred beyond all relief."

The bill prays that a decree may be entered decreeing the note to be the property of the complainant, and that Mrs. Curtiss holds the same in fraud of his rights and in trust for him, and that he is entitled to the claim allowed her against the estate, and that the estate be decreed to pay the same to complainant; and also prays for general relief, and that defendants be enjoined from doing those things inconsistent with the relief prayed.

Defendants Hamilton and Mrs. Curtiss filed their joint and several answers, asking therein the benefit of a general demurrer. Defendant Mitchel filed a demurrer specifying four grounds, as follows:

"*First*. That all and every of the matters in the said complainant's bill mentioned and complained of were matters which might be tried and determined at law, and with respect to which the said complainant is not entitled to any relief in a court of equity.

*Second*. That the said right of action, if any ever existed, is barred by the proceedings at law brought to enforce the same.

*Third*. That the complainant, by his said bill, has not shown himself entitled to any relief in a court of equity.

*Fourth*. That the statements, charges, and allegations in said bill of complaint whereby this defendant is sought to be charged as party defendant thereto are too vague, uncertain, indefinite, to demand or require answer thereto."

The case was heard at the Ionia circuit, before Hon. VERNON H. SMITH, who overruled the demurrer, allowing defendant Mitchel twenty days in which to answer. Defendants all have taken their appeal to this Court.

I think the decree of the learned circuit judge is correct.

The demurrer ought not to be sustained. I am not able to discover any good reason why the judgment should be held a bar, found in the case in 53 Mich. 497. It must be remembered this case in this Court stands on the demurrers, and, for the purposes of this decision, all the material facts charged in the bill stand admitted by all the defendants.

Now, the following facts must be held conceded:

*First.* That the consideration given for the note by the complainant was $500, in money, and that he is the owner thereof, and that the money is due to him thereon from the estate.

*Second.* That while the note was in the hands of the complainant's agent for the purpose of obtaining allowance thereof by the commissioners, and collection against the estate, the defendant, who had no interest in the note whatever, with the intent to cheat and defraud the complainant out of his property, by false pretenses and fraud, and against the remonstrance and protest of the complainant's agent, obtained possession of the note, and carried it away with her into a distant state.

*Third.* That by collusion with the administrator, who is her brother, she has obtained an allowance before the commissioners of the note in her favor; said commissioners refusing to allow complainant to make any proof before them that Mrs. Curtiss had no interest in the note, and that he was the owner thereof, and entitled to the possession thereof and to the pay thereon.

*Fourth.* That he has appealed from the decision of commissioners allowing the amount due upon said note in her favor, and that the case has not yet been tried.

*Fifth.* That he presented his claim upon said note to the commissioner for allowance, and that the said administrator and said Mitchel, as attorney for him, contested said claim, and that he was not permitted to show his title to or ownership of said note so long as she had the possession of the same and claimed to be the owner thereof, and which position was afterwards sustained on appeal to the circuit and to this Court; that by such ruling he is unable to obtain an allowance of said note in his favor at law.

*Sixth.* That the defendant Mrs. Curtiss and the said Mitchel are now trying to obtain payment of defendant Hamilton, as administrator, to them, of said note, or intend to take some proceedings for that purpose, and that said Hamilton is

willing to make such payment, and complainant believes he will unless restrained.

*Seventh.* That the said Mrs. Curtiss is entirely insolvent.

*Eighth.* That in none of the proceedings had have the merits of the complainant's right and ownership of the said note been passed upon, or been permitted to be litigated; and still it is claimed by all the defendants that his right to recover said claim is bound by the proceedings that have been had; and,

*Ninth.* That said defendants have conspired and confederated together to cheat and defraud complainant out of his claim against the estate, and that the defendant Mitchel has advised the several proceedings to be taken with the intent to cheat and defraud the complainant out of his property in said note, and that he has no adequate remedy at law.

I think, taking these facts stated to be all true, the complainant has made out a case for equitable relief against all the defendants, although did the bill not charge defendant Mitchel with participating in the intention to defraud, and with wrongful interference with property charged as held in trust, independently of his acting as attorney for Mrs. Curtiss or the estate, the demurrer would have to be sustained as to him. I do not think, while such charge is not as strong and positive as could be made, it is insufficient upon that ground. Such charges should not be made, however, unless the proof is ample.

An attorney is not to be charged with participation in the evil intention of his client unless there is much stronger evidence of the facts than that he acts as attorney for such client when he is charged with fraudulent intent, or, it may be, when his acts shall turn out to be fraudulent. Of course, what proofs may be at hand in the case we have no means of knowing, but we think the suggestions not unworthy of consideration of counsel in this class of cases.

The demurrers in this case, I think, must be regarded as general, as each of the causes covers the entire bill.

The first ground relied on, that complainant has a remedy at law which was adequate, cannot be sustained. The defendant Mrs. Curtiss is shown by the record to be entirely insolv-

ent, and there is nothing to prevent the administrator paying to her the amount of the note except this suit.

It has been decided by the court that the complainant cannot set up his claim in defense, or show that she is not entitled to the amount of the note by showing that the same belongs to him, before the commissioners; and this is the first proceeding that can be had at law, and the only one until the claim has been allowed by commissioners and payment thereof refused: *McKinney v. Estate of Hamilton*, 53 Mich. 497.

I did not concur in these views in that case, but such is the law of the State as established by this Court in that case, and I think it settled the question in favor of the complainant upon the first ground. But, further than this, it is clearly settled by the authorities that the remedy at law must be plain, adequate, and complete to deprive the party of his remedy in equity. It must be adapted to the particular exigency, or equity will maintain jurisdiction: Jennison Ch. Pr. 59, 17; High Inj. §§ 29, 30; *Carroll v. Rice*, Walk. Ch. 373; *Ankrim v. Woodworth*, Har. Ch. 355; *Wales v. Newbould*, 9 Mich. 45; *Edsell v. Briggs*, 20 Mich. 429; Story Eq. Pl. 473; and in cases of fraud or breach of trust, equity will retain jurisdiction even though a court of law might take cognizance of the matters: Story Eq. Jur. 695, 698; *Carroll v. Rice*, Walk. Ch. 373; *Coates v. Woodworth*, 13 Ill. 654; *Norton v. Hixon*, 25 Ill. 439; *Truett v. Wainwright*, 4 Gilman, 418; *Thompson v. Brown*, 4 Johns. Ch. 619.

As to the ground that the case before this Court heretofore is a bar, it only need be said that in no sense is a proceeding to have a claim allowed before commissioners, and the decision given by them, a common-law judgment; and no judgment in any legal proceeding can be held a bar unless the claim of the party which has been presented for adjudication has been passed upon, or the party has had the right in such proceeding to have the merits of such claim adjudicated. And it is not pretended that complainant's claim has ever been adjudicated upon the merits, or that he has ever had

the opportunity of having the merits thereof passed upon: *Wales v. Lyon*, 2 Mich. 276; *Thompson v. Richards*, 14 Mich. 172; *Tucker v. Rohrback*, 13 Mich. 73; *Barker v. Cleveland*, 19 Mich. 230; *Jacobson v. Miller*, 41 Mich. 90; *Beeson v. Comly*, 19 Mich. 103; *Fifield v. Edwards*, 39 Mich. 264; *McEwen v. Bigelow*, 40 Mich. 215; *Allen v. Duffie*, 43 Mich. 2; *Adair v. Cummin*, 48 Mich. 375; *Franks v. Fecheimer*, 44 Mich. 177; *Jones v. Fales*, 4 Mass. 255; *Taylor v. Castle*, 42 Cal. 371; *Jordan v. Siefert*, 126 Mass. 25; *Houston v. Musgrove*, 35 Tex. 594; *Dickinson v. Hayes*, 31 Conn. 417; *Miller v. Manice*, 6 Hill, 114; *Stafford v. Clark*, 2 Bing. 377.

The relief asked in this bill I think fully warranted. It seems very evident that the note was surreptitiously obtained from the complainant's agent, and upon the facts stated in the bill it was fraudulently placed before the commissioners, and in pursuance of the same wrongful act its allowance was obtained by defendant Curtiss in her favor, and through the same scheme of fraud and deception the complainant was, in his application to have it allowed in his favor, defeated. He seems to have been powerless in his efforts to make any headway against the defendants' scheme of fraud in depriving him of his property. That he is entitled to the relief he asks, is shown by the following authorities: High Inj. c. 3, §§ 190, 193, 199; *Pearce v. Olney*, 20 Conn. 544; *Wierich v. De Zoya*, 2 Gilman, 385; *Nelson v. Rockwell*, 14 Ill. 375; *Kent v. Ricards*, 3 Md. Ch. 392; *Greene v. Haskell*, 5 R. I. 447; *Mack v. Doty*, Har. Ch. 366; *Wales v. Bank of Michigan*, Id. 308; *Wixom v. Davis*, Walk. Ch. 15; *Burpee v. Smith*, Id. 327; *Rathbone v. Warren*, 10 Johns. 587; *Boyce v. Grundy*, 3 Pet. 214; *Hawkshaw v. Parkins*, 2 Swanst. 539; *Adair v. Cummin*, 48 Mich. 376; *Massie v. Watts*, 6 Cranch, 148; *Hale v. Chandler*, 3 Mich. 531; *Edson v. Cumings*, 52 Mich. 52; *Holbrook v. Campau*, 22 Mich. 288; *Tong v. Marvin*, 26 Mich. 35.

Both on the grounds of the fraud charged and the insolvency of the defendant Mrs. Curtiss, she being charged substantially as a trustee in the premises, I think the complain-

-ant is entitled to relief, and that he should not be subjected to any further litigation than is necessary in this suit to ascertain his rights as against the alleged fraudulent transaction ·of Mrs. Curtiss.

The decree entered by Judge SMITH in this case should be affirmed, with costs, and defendant Mitchel allowed twenty ·days in which to answer, and the record should be remanded for further proceedings.

We do not think the stipulation claimed by counsel for ·the defendant goes to the extent maintained by them. Certainly it concludes no action taken by the complainant in this ·case.

CAMPBELL, C. J. and CHAMPLIN, J. concurred. MORSE, J. ·did not sit, having been of counsel.