### KOLODZIEJCZAK *v.* BAK.

1. BROKERS—COMMISSION DEPENDENT ON CONSUMMATION OF CON-
TRACT WHERE CONTAINED THEREIN.

>   Where the contract for an exchange of property contem-
>   plated that either party might withdraw therefrom by
>   forfeiting a note deposited to bind the deal, the payment
>   of the commission to the broker, provided for therein to
>   be paid by defendants, was dependent on the performance
>   of the agreement; and although defendants prevented its
>   consummation by withdrawing, they were not liable in an
>   action for the commission.

2. APPEAL AND ERROR—JUDGMENT—RIGHT OF PLAINTIFF TO WITH-
DRAW COUNT.

>   A judgment for defendants, directed on the ground that
>   the action was begun before the cause of action accrued,
>   would not bar a subsequent action, and hence the trial
>   court's refusal to permit plaintiff to withdraw the count
>   from the consideration of the court and jury, though
>   erroneous notwithstanding 3 Comp. Laws 1915, § 14566,
>   was not prejudicial.

Error to Wayne; Moynihan (Joseph A.), J.    Sub-
mitted June 13, 1922.    (Docket No. 75.)    Decided
October 2, 1922.

Assumpsit by Mateluz Kolodziejczak against An-
thony Bak and others for commissions on the sale of
real property.    Judgment for defendants on a directed
verdict.    Plaintiff brings error.    Affirmed.

*Harry J. Lippman* (*Ralph W. Liddy,* of counsel),
for appellant.

*Elmer H. Groefsema* (*Thomas J. Bresnahan,* of
counsel), for appellees.

On the question as to what constitutes employment of broker
which will entitle him to commissions otherwise earned, see
note in 27 L. R. A. (N. S.) 786.

SHARPE, J.   On January 2, 1920, the defendants in writing appointed the plaintiff the sole and exclusive agent to sell their farm of 160 acres and certain personal property thereon in the township of Sumpter in Wayne county at the price of $28,000, with· down payment of $22,000, at an agreed cash commission of 5% on the sale price.   On January 7, 1920, a written contract was entered into between Frank Budzik and his wife and the defendants whereby Budzik and wife agreed to sell to defendant a certain bakery building and dwelling house for a consideration of $30,000, and defendants agreed to sell to the Budziks their farm for $24,000, the difference to be paid in installments agreed upon.   This agreement further provided:

"It is agreed and understood that the parties hereto are depositing one thousand (1,000) dollars note each at the Merchants & Mechanics Bank of Hamtramck as a deposit to bind this deal and should either party hereto withdraw from this agreement the $1,000 note shall be turned over to the other party as damages."

It contained a further provision:

"The parties of the first part agree to pay the agent's Michael Kolodziejczak three (3) per cent. commission for selling their property and the parties of the second part agree to pay their agent Mathew Kolodziejczak, five (5) per cent. commission for selling their property."

It is admitted that the plaintiff "was the agent who brought these parties together to enter into that agreement."

There was some delay in procuring an abstract of title to the property.   On April 30, 1920, plaintiff's brother, who was the agent of the Budziks, went to defendants' home and asked if they were ready to close the deal.   They refused to do so, the reason assigned therefor being in dispute.   It appears that defendants on June 28, 1920, sold their farm to one John Deboski.

The declaration as originally filed counted on the provision for payment of commission in the agreement with Budzik. An amendment containing a second count was filed on December 15, 1921, counting on the commission agreement made on January 2d, and the subsequent sale to Deboski. To this was added the common counts. At the conclusion of plaintiff's proofs the trial court directed a verdict for the defendants for the reason that as to the first count the agreement with the Budziks was not enforceable as either party therein reserved the right to withdraw therefrom, and as to the second count that the cause of action had not accrued at the time the suit was brought. The assignments of error relate to this action on his part.

1. Plaintiff's right of recovery under the first count is founded on the provision for payment of commission to him in the agreement entered into with the Budziks on January 7th. It is apparent that this commission was to be paid only in case this preliminary contract was carried out and a sale actually completed. The defendants under the agreement had the right to refuse performance without assigning any reason therefor. In case they did so they forfeited the note deposited in the bank. There is no provision that in case they so refused they should pay plaintiff his commission. Were they to have done so, irrespective of whether a sale was thereafter made, the plaintiff would have been entitled to his commission at the time the agreement was entered into and payment would doubtless have then been made or an obligation given therefor. The promise to pay the commission, having been incorporated into the Budzik agreement, was in our opinion dependent on the performance of that agreement, and as it was not thereafter performed plaintiff had no right of recovery thereunder. We

think there was no error in directing a verdict as to the first count.

2. When the court intimated that he would also direct a verdict as to the second count, plaintiff's counsel first asked that it be without prejudice to his client's rights to begin another suit to recover therefor and later asked leave to withdraw the second count from the consideration of the court and jury. The court suggested that he could not then dispose of the first request, and as to the second said:

"I think that I will let the matter stand as coming too late in view of the court having already disposed of the matter and the jury are about to return a verdict in compliance with the requests of the court."

Before the enactment of Act No. 200, Pub. Acts 1915 (3 Comp. Laws 1915, § 14566), a plaintiff might withdraw his claim if set-off was not pleaded at any time before the jury retired to consider their verdict. *Helwig* v. *Wayne Circuit Judge*, 73 Mich. 258; *Ludeman* v. *Hirth*, 96 Mich. 17 (35 Am. St. Rep. 588); *Deneen* v. *Railway Co.*, 150 Mich. 235 (13 Ann. Cas. 134); *Davis* v. *Railway*, 162 Mich. 240. The section noted above reads:

"That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a non-suit without the consent of the defendant."

It was held in *Mintz* v. *Soule*, 200 Mich. 9, that such withdrawal may be had notwithstanding the statute if asked for before the defendant has "entered upon his defense in open court by putting in his testimony upon the merits."

This error is not, however, in any way prejudicial to plaintiff. The verdict as to the second count was not directed because plaintiff had not proven a cause

of action.    The right to recover was denied solely because the suit was begun before the cause of action accrued.    The judgment entered will be no bar to a subsequent suit for the same cause of action.

"The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon." *Fifield* v. *Edwards*, 39 Mich. 264, 266.

"No judgment in any legal proceeding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have the merits of such claim adjudicated." *McKinney* v. *Curtiss*, 60 Mich. 611 (syllabus).

The judgment is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.