### KOLODZIEJCZAK *v.* BUDZIK.

BROKERS — COMMISSIONS—EXCLUSIVE LISTING—BROKER BY SUING TERMINATED EXCLUSIVE LISTING.

> In an action for the breach of a broker's exclusive listing contract, where it appeared that plaintiff had commenced an action for his commission on a contract for an exchange of defendants' property which had been abrogated by agreement of the parties, and pending said action defendants sold their property without formally revoking the exclusive listing contract, a judgment for defendants *non obstante veredicto* was properly entered in the trial court, since, on being sued upon the contract for exchange defendants were justified in regarding the listing contract as terminated, and the fact that plaintiff failed to recover in said action did not reinstate it.[1]

Error to Wayne; Houghton (Samuel G.), J., presiding.    Submitted January 16, 1925.    (Docket No. 18.)    Decided April 3, 1925.

[1] Brokers, 9 C. J. § 101.

Assumpsit by Michael Kolodziejczak against Frank Budzik and another for breach of a contract for the sale of real estate.    Judgment for defendants *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Harry J. Lippman (Ernest W. Ver Wiebe*, of counsel), for appellant.

*Bresnahan & Groefsema*, for appellees.

WIEST, J.    Plaintiff, a real estate broker, held an exclusive listing right, without time limit, to sell defendants' property or exchange the same, found a chance to exchange, brought the parties together, negotiated a contract between them, under which he was to be paid a stipulated commission by defendants, but with right to either party to the contract to withdraw and end it.    Withdrawal was made and plaintiff sued defendants for the commission stated in the contract, and upon trial lost his case and had to rest content for the reason stated in *Kolodziejczak* v. *Bak*, 220 Mich. 274.    Plaintiff at that trial amended his declaration by adding a count for damages occasioned by defendants' selling their property after he commenced suit.    That case was submitted to a jury upon the issue of the claimed commission but the court refused to submit an issue under the added count, on the ground that the right of action thereunder, if any, accrued after the suit was commenced.

Plaintiff thereafter brought this suit to recover damages because defendants, without ending the exclusive right given him to sell their property, sold the same themselves.    Plaintiff had verdict, but, notwithstanding, the trial judge entered judgment for defendants on the ground that when plaintiff sued for his commission under the claim he had earned the same upon the making of the contract for exchange, he treated the exclusive right to sell at an end, and,

with such suit pending against them, defendants were at liberty to sell their property without any formal revocation of the listing.

The trial judge was clearly right in so holding. This sweeps away the question of whether the first suit is *res adjudicata* of this. Plaintiff by his first suit released defendants from all further obligation to let him sell or exchange their property, and his failure to recover his claimed commission did not revive the listing. Defendants when sued on the claim that plaintiff had performed his engagement under the exclusive listing had a right to consider the listing at an end regardless of the result of the suit and to sell their property without paying any further attention to the listing.

Judgment affirmed, with costs to defendants.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. BIRD, J., did not sit.