NORDMAN v. EARLE EQUIPMENT COMPANY.

1. ACTION—DISMISSAL BEFORE TRIAL ON MERITS—RES JUDICATA.
   An action that is prematurely brought may be dismissed before trial on the merits and such dismissal does not bar a subsequent suit brought after the cause of action has accrued, since the first action was not *res judicata* as to the merits.

2. JUDGMENT—RES JUDICATA.
   No judgment in any legal proceeding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have the merits of such case adjudicated.

3. SAME—DISMISSAL OF PREVIOUS ACTION PREMATURELY BROUGHT.
   Plaintiff's second action for recovery of purchase price of bulldozer on ground of rescission of the contract of purchase was not barred by termination of previous action for same purpose, where trial court in previous action had dismissed count embracing rescission because it was prematurely brought.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 9, 1958. (Docket No. 29, Calendar No. 47,262.) Decided April 15, 1958.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 1 Am Jur, Actions § 63.
[2] 30A Am Jur, Judgments §§ 417–420.

Action by Amos Nordman, doing business as American Real Estate Sales & Exchange, against the Earle Equipment Company, a Michigan corporation, for money due upon acceptance of offer in settlement of suit based on rescission. Dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Thomas J. Whinery,* for plaintiff.

*Williams & Damon* (*John E. Damon,* of counsel), for defendant.

DETHMERS, C. J.   Dates and the sequence of events are important to decision of this case. On June 7, 1955, plaintiff purchased a tractor with hydraulic bulldozer from defendant and paid $1,364.25 for it. It broke down during its first half day of use by plaintiff and defendant had it returned to its place of business at a cost of $85.40. On July 12, 1955, plaintiff, by his attorney, wrote defendant that he rescinded the contract on the ground of false representations and demanded return of the purchase money. On August 2, 1955, defendant's attorney replied, declining rescission and stating that it was holding the equipment pursuant to further instructions from plaintiff. On August 3, 1955, plaintiff's attorney made an offer to defendant's attorney to settle on the basis that defendant keep the equipment, cancel its cartage claim for $85.40 and return $1,100 to plaintiff. On August 19, 1955, plaintiff commenced suit against defendant, seeking damages on the theory of rescission. On August 23, 1955, defendant's attorney wrote plaintiff's attorney that no answer had as yet been received from defendant to plaintiff's August 3d offer of settlement. In the spring of 1956 defendant's attorney informed plaintiff's attorney that defendant had repaired the equipment but he did not say when, whereupon plaintiff,

on May 25, 1956, amended his declaration by adding count 2, alleging that such action by defendant constituted an acceptance by it of plaintiff's July 12th demand for rescission and return of full purchase price and that this had resulted in mutual rescission. It was not until after trial commenced that plaintiff and his attorney learned that defendant's repairing of the equipment had not occurred until on or about September 1, 1955, after the suit had been filed. After the proofs were in the court directed a verdict against plaintiff on count 2, instructing the jury that as a matter of law there could be no mutual rescission in the case because the act of repairing by defendant had not occurred before the suit was commenced. Thus, it was the position of the trial court that the rights of the parties were to be determined by the jury as of the date of commencement of suit. The jury returned a verdict for defendant. No appeal was taken.

Plaintiff then commenced the instant suit, declaring on an alleged contract resulting from his August 3, 1955, offer to accept $1,100 in settlement of his claim against defendant and defendant's acceptance of that offer on or about September 1, 1955, by exercising dominion over and repairing the equipment without authorization or consent of plaintiff. Defendant moved to dismiss this second suit on the ground of *res judicata* by reason of decision in the first case. The motion to dismiss was granted without trial on the merits. Plaintiff appeals.

It is plaintiff's position that the judgment in the former suit for rescission of the purchase contract is not *res judicata* of his rights under the alleged later contract on which this second suit is based. Defendant answers that in this suit plaintiff relies on the same act of defendant which was relied on in count 2 of the first suit as constituting acceptance of plaintiff's offer by defendant, namely defendant's

exercise of dominion over the equipment.  Defendant goes on from there to urge that plaintiff's theory in this case is inconsistent with that of count 2 in the first suit, that in bringing the first he made an election between 2 inconsistent theories and that he is thereby barred from suing now on the abandoned alternative claim, citing *Mintz* v. *Jacob,* 163 Mich 280; and *Krause* v. *Hartford Accident & Indemnity Co.,* 331 Mich 19.  Defendant further says that plaintiff could have set up the 2 inconsistent claims in the first suit (Court Rule No 17, § 6 [1945]) and that judgment therein is conclusive not only of all matters actually litigated, but also of those which plaintiff might have raised in that action, citing *McDannel* v. *Black,* 270 Mich 305; *Bankers Trust Company of Detroit* v. *Russell,* 270 Mich 568; and *Machen* v. *Budd Wheel Co.,* 265 Mich 530.  To this plaintiff responds that he has never had his day in court on either of the inconsistent claims because he was not permitted in the first suit, as hereinbefore noted, to go to the jury on count 2 for the reason that, as the trial court held, plaintiff's rights therein asserted had not yet accrued at the time suit was commenced, and in the instant case his suit was dismissed without trial.  For the proposition that the trial court was right in its holding of prematurity with respect to count 2 in the first suit, plaintiff properly cites *Dempsey* v. *Langton,* 266 Mich 47; and *Waubun Beach Association* v. *Wilson,* 274 Mich 598 (103 ALR 983).  Plaintiff then cites *Hart* v. *Lindley,* 50 Mich 20; and *Kolodziejczak* v. *Bak,* 220 Mich 274, which hold that a verdict directed against a plaintiff because his action was prematurely brought is not *res judicata* as to the merits and, hence, does not bar a subsequent suit brought after the cause of action has accrued.  Defendant counters that prematurity of an action is not a jurisdictional matter, but a matter of abatement which defendant may waive and

that defendant did waive it here. Be that as it may, the fact remains that plaintiff was not permitted by the court to go to the jury on the theory contained in count 2 in his first suit, nor on the theory here advanced in his second suit. In consequence, plaintiff has been denied a determination on the merits of either claim. In *Kolodziejczak* v. *Bak, supra,* defendant made no plea in abatement or objection before trial to prematurity of commencement of the action, as is true here, but did raise the question after plaintiff's proofs were in. Applicable is the following language from this Court's opinion in that case (pp 277, 278):

"The verdict as to the second count was not directed because plaintiff had not proven a cause of action. The right to recover was denied solely because the suit was begun before the cause of action accrued. The judgment entered will be no bar to a subsequent suit for the same cause of action.

" 'The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon.' *Fifield* v. *Edwards,* 39 Mich 264, 266.

" 'No judgment in any legal proceeding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have the merits of such claim adjudicated.' *McKinney* v. *Curtiss,* 60 Mich 611 (syllabus)."

Reversed and remanded for further proceedings consistent herewith. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.