ELLOUT v DETROIT MEDICAL CENTER

Docket No. 286207. Submitted August 11, 2009, at Lansing. Decided
    October 8, 2009, at 9:05 a.m.

Sheila Ellout, as personal representative of the estate of Cynthia
    Latimore, deceased, brought a medical malpractice action in the
    Wayne Circuit Court against Detroit Medical Center, Detroit
    Receiving Hospital and University Health Center, and Christina L.
    Coulbeck, R.N. The defendants moved for summary disposition,
    alleging that the plaintiff's filing of the suit against Coulbeck
    before the expiration of the 154/182-day no-suit period provided in
    MCL 600.2912b required summary disposition in favor of the
    defendants. The court, Isidore B. Torres, J., denied the plaintiff's
    motion to voluntarily dismiss Coulbeck and concluded that the
    plaintiff's premature filing with regard to Coulbeck required that
    the action against Coulbeck be dismissed with prejudice. The court
    further held that such a dismissal constituted an adjudication on
    the merits with regard to the remaining defendants, which had
    been timely sued under a respondeat superior theory. The court
    therefore granted summary disposition in favor of the defendants.
    The plaintiff appealed.

    The Court of Appeals held:

    The trial court erred in granting the motion for summary
disposition. The appropriate remedy for a plaintiff's failure to
comply with MCL 600.2912b by prematurely filing suit is dismissal
without prejudice. The trial court erred in dismissing the claim
against Coulbeck with prejudice. Because the dismissal should
have been without prejudice, it was not an adjudication on the
merits. The order granting summary disposition must be reversed
and the case must be remanded to the trial court for the entry of
an order reinstating the plaintiff's complaint and an order dismiss-
ing the claim against Coulbeck without prejudice.

    Reversed and remanded.

    K. F. KELLY, J., dissenting, stated that the trial court's decision
to dismiss the claim against Coulbeck with prejudice because the
period of limitations had expired was within the range of reason-
able and principled outcomes and was not an abuse of discretion.
The decision was also consistent with MCR 2.504(B)(3), under

which the dismissal operated as an adjudication on the merits. The trial court did not abuse its discretion by declining to voluntarily dismiss Coulbeck, which would have deprived the other defendants of their entitlement to summary disposition. The trial court did not err by applying retroactively the holding in *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280 (2007), that MCR 2.504(B)(3) means that a dismissal based on the expiration of a period of limitations operates as an adjudication on the merits unless the court specifies otherwise. The trial court did not err by granting the defendants' motion for summary disposition or abuse its discretion by dismissing the plaintiff's case with prejudice.

Negligence — Medical Malpractice — Notices of Intent to File Suit — Premature Filing of Claim.

    The appropriate remedy for a plaintiff's failure to comply with the no-suit period provided in MCL 600.2912b by prematurely filing suit against a defendant is dismissal of the action against the defendant without prejudice; the dismissal without prejudice is not an adjudication on the merits.

*Weiner & Associates, PLLC* (by *Cyril V. Weiner, Joel A. Sanfield, and John C. Signorino, III*), for the plaintiff.

*Plunkett Cooney* (by *Robert G. Kamenec*) for the defendants.

Before: M. J. KELLY, P.J., and K. F. KELLY and SHAPIRO, JJ.

SHAPIRO, J. In this medical malpractice case, plaintiff appeals as of right from the trial court's order granting defendants' motion for summary disposition. We reverse and remand for entry of an order reinstating plaintiff's complaint and dismissing plaintiff's claim against defendant Christina L. Coulbeck, R.N., without prejudice. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

At issue is whether plaintiff's suit against all defendants is barred because the filing of her complaint

occurred before the end of the 154/182-day no-suit period of MCL 600.2912b with regard to Nurse Coulbeck, whose actions were the gravamen of the respondeat superior claim against the other defendants.[1] Plaintiff sent her notice of intent (NOI) naming defendant Coulbeck on July 28, 2006, and filed her complaint on December 27, 2006, waiting less than 154 days after sending the notice. She had, however, previously sent an NOI to the other defendants and the complaint was timely with regard to them. Plaintiff moved to voluntarily dismiss Coulbeck, which the trial court denied without explanation. The trial court then concluded that plaintiff's filing suit against Coulbeck before the expiration of the 154/182-day period required a dismissal with prejudice with regard to Coulbeck and that such a dismissal constituted an adjudication on the merits regarding the remaining defendants pursuant to *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280; 731 NW2d 29 (2007), resulting in a grant of the remaining defendants' motion for summary disposition.

This Court reviews de novo a trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Here, we conclude that the trial court erred by granting defendants' motion for

---

[1] In relevant part, MCL 600.2912b provides:

(1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

\* \* \*

(8) If the claimant does not receive the written response required under subsection (7) within the required 154-day time period, the claimant may commence an action alleging medical malpractice upon the expiration of the 154-day period.

summary disposition. The law is abundantly clear that where a plaintiff has failed to comply with § 2912b by prematurely filing suit, the appropriate remedy is dismissal without prejudice. "[D]ismissal without prejudice was the appropriate remedy for plaintiff's noncompliance with § 2912b(1) . . . ." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 715; 575 NW2d 68 (1997). See also *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 48; 594 NW2d 455 (1999) (holding that "dismissal without prejudice would be the appropriate sanction" where a plaintiff fails to provide an NOI).

The trial court recognized these cases, but relied on *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703; 620 NW2d 319 (2000). However, *Holmes* involved a failure to file an affidavit of merit under MCL 600.2912d. It did not involve the NOI provision under § 2912b at issue in this case. The trial court also relied on *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005). In *Burton*, the Michigan Supreme Court held that the plaintiff's premature filing of the complaint did not toll the statute of limitations. *Id.* at 756. It held that "dismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and that when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations." *Burton, supra* at 753. It did not state, however, that the dismissal must be with prejudice.

In any case, even if *Burton* were controlling, the Michigan Supreme Court recently held in *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), that § 2912b contains no mandatory dismissal penalty. *Bush, supra* at 173. Indeed, it concluded that "it was not the intent of the Legislature to incorporate a mandatory dismissal penalty into § 2912b." *Bush, supra* at 174. The Court explained:

The stated purpose of § 2912b was to provide a mechanism for "promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs . . . ." To hold that § 2912b in and of itself mandates dismissal with prejudice would complicate, prolong, and significantly increase the expense of litigation. Dismissal with prejudice would be inconsistent with these stated purposes. [*Bush, supra* at 174-175 (citation omitted).]

The Court further noted that the only penalty to a defendant who fails to comply is "very minor" and that "it would be inconsistent . . . to assume that the Legislature intended to impose on plaintiffs the harshest penalty possible: dismissal with prejudice." *Id.* at 175. Although *Bush* involved a question regarding a defective NOI rather than premature filing, the result is the same, because the NOI statute does not set forth an express penalty for premature filing.

Thus, we conclude that the trial court erred in dismissing Coulbeck with prejudice because the proper sanction for plaintiff's premature filing against Coulbeck was dismissal without prejudice.[2] Moreover, because Coulbeck's dismissal should have been without prejudice, it was not an adjudication on the merits.[3] *Yeo*

---

[2] It makes no difference that the period of limitations had run against Nurse Coulbeck at the time the motion was brought. A defendant against whom the period of limitations has run is protected from further litigation even when the dismissal is without prejudice. If a plaintiff should subsequently file against that defendant, the defendant would be entitled to summary disposition. However, where the basis for dismissal is that the plaintiff has prematurely filed under § 2912b, the proper remedy is dismissal without prejudice, regardless of whether the period of limitations has run.

[3] Having found that the dismissal should have been without prejudice, *Al-Shimmari* is inapplicable, because it involves a dismissal with preju-

*v State Farm Fire & Cas Ins Co*, 242 Mich App 483, 484;
618 NW2d 916 (2000). Accordingly, the trial court erred
in granting defendants' motion for summary disposi-
tion.

We reverse the trial court's grant of summary disposi-
tion to defendants, remand for entry of an order reinstat-
ing plaintiff's complaint, and order that the trial court
enter an order dismissing plaintiff's claim against Coul-
beck without prejudice. We do not retain jurisdiction.

M. J. KELLY, P.J., concurred.

K. F. KELLY, J. *(dissenting.)* I respectfully dissent. I
would affirm the trial court's order granting defen-
dants' motion for summary disposition.

At issue is whether plaintiff's entire suit is barred
because she filed her complaint before the end of the
154/182-day no-suit period of MCL 600.2912b. The trial
court granted summary disposition for defendants be-
cause the period of limitations had expired with regard to
defendant Christina L. Coulbeck, R.N. See MCR
2.116(C)(7). It therefore dismissed the claim against Coul-
beck with prejudice and also dismissed the claims against
the remaining defendants because they had been sued on
the basis of the theory of vicarious liability. The majority
concludes that this was error, because the appropriate
remedy was to dismiss plaintiff's case against Coulbeck
without prejudice. I disagree because plaintiff's suit is
barred by the statute of limitations. It is also my view, and
my concern, that the majority simply substitutes its
opinion for that of the trial court, rather than analyzing
the issue under the appropriate standard of review on
appeal. Therefore, I respectfully dissent.

---

dice. Accordingly, we need not determine whether its holding is retroac-
tive in contexts outside the late service of process issue, the setting that
*Al-Shimmari* specifically addressed.

I

Because defendants "moved for summary disposition under [MCR 2.116(C)(7)], MCR 2.504(B)(3) applies." *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 295; 731 NW2d 29 (2007). MCR 2.504(B)(3) provides:

> Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

It is clear that under this court rule, a trial court *may* in its discretion decide whether to dismiss a party with or without prejudice. As this Court recognized in *Rose v Rose*, 10 Mich App 233, 236; 157 NW2d 16 (1968):

> The reason for the rule is that if a plaintiff does not care enough to prosecute his action diligently, fairness requires that defendant be allowed to protect himself from the bother of filing answers to a multiplicity of complaints for the same claim, by relying upon the dismissal as ending the matter for all time. This affords plaintiff reasonable and ample opportunity to bring his action and sustain his claim, while demanding diligence on his part for the protection of the defendant.

And, this Court's review of whether a trial court's decision under this rule was proper is limited to determining whether the trial court abused its discretion. *Marquette v Village of Fowlerville*, 114 Mich App 92, 96; 318 NW2d 618 (1982). Such an abuse occurs only when a trial court's decision is not within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Here, the trial court dismissed Coulbeck with prejudice, relying on *Burton v Reed City Hosp Corp*,

471 Mich 745; 691 NW2d 424 (2005), and *Holmes v
Michigan Capital Med Ctr*, 242 Mich App 703; 620 NW2d
319 (2000), where dismissal with prejudice was appropri-
ate when the period of limitations had expired before the
suit was commenced. The trial court made no mention in
its original opinion and order whether its determination
was an adjudication on the merits. Pursuant to MCR
2.504(B)(3), its dismissal operated as an adjudication on
the merits. Moreover, on plaintiff's motion for reconsid-
eration, the trial court affirmed its original decision,
definitively stating that its initial decision dismissing
Coulbeck with prejudice was an adjudication on the mer-
its. Given the foregoing, and the fact that plaintiff failed to
diligently proceed against Coulbeck, I fail to see how the
trial court's determination was an abuse of discretion;
rather, its decision to dismiss Coulbeck with prejudice
because the period of limitations had expired was squarely
within the principled range of outcomes and was consis-
tent with the court rule. *Al-Shimmari, supra* at 295.

Furthermore, the fact that the trial court reached this
determination does not show, as plaintiff argues, that it
failed to recognize that it had discretion to state in its
order that Coulbeck's dismissal was not an adjudication
on the merits consistent with MCR 2.504(B)(3). Nor does
it indicate that the trial court erroneously believed that it
was precluded from making such a statement. Rather,
plaintiff's brief in support of her motion for reconsidera-
tion specifically directed the trial court to the relevant
court rule. Thus, the trial court simply exercised its
discretion to disallow plaintiff's attempt to further pursue
her claims.

II

I also consider to be unavailing plaintiff's argument
that the trial court erred by denying her motion to

voluntarily dismiss Coulbeck from the suit under MCR
2.504(A)(2).[1] The decision whether to grant or deny a
voluntary dismissal is, again, within the trial court's
discretion and we review its decision for an abuse of
discretion. *McKelvie v Mount Clemens*, 193 Mich App
81, 86; 483 NW2d 442 (1992). A trial court should grant
a party's motion for voluntary dismissal only if no
prejudice will result to the defendant. *Makuck v Mc-
Mullin*, 87 Mich App 82, 85; 273 NW2d 595 (1978).

Here, plaintiff sought to dismiss Coulbeck from the
suit while defendants' motion for summary disposi-
tion was pending. Had the trial court voluntarily
dismissed Coulbeck, it would have deprived all the
other defendants of their entitlement to summary
disposition before the trial court could decide the
motion. A voluntary dismissal should not be granted
to avoid an impending adverse decision. See *McLean
v McElhaney*, 269 Mich App 196, 202-203; 711 NW2d
775 (2005) rev'd on other grounds 480 Mich 978
(2007); *Rosselott v Muskegon Co*, 123 Mich App 361,
375-376; 333 NW2d 282 (1983). Under these circum-
stances, I cannot conclude that the trial court abused
its discretion by declining to voluntarily dismiss
Coulbeck. The trial court's decision was certainly
within the range of principled outcomes. *Maldonado*,
*supra* at 388.

---

[1] MCR 2.504(A)(2) provides, in relevant part:

> Except as provided in subrule (A)(1) [dismissal by stipula-
> tion], an action may not be dismissed at the plaintiff's request
> except by order of the court on terms and conditions the court
> deems proper.

*     *     *

> (b) Unless the order specifies otherwise, a dismissal under
> subrule (A)(2) is without prejudice.

III

Finally, I disagree with the majority that *Al-Shimmari* is not applicable to the present matter. The trial court properly considered the case and retroactively applied it to plaintiff's lawsuit, contrary to plaintiff's contention. A question concerning the retroactive application of a court's decision presents a question of law that we review de novo. *Duggan* v *Clare Co Bd of Comm'rs*, 203 Mich App 573, 575; 513 NW2d 192 (1994).

Typically, the decisions of this Court and the Michigan Supreme Court are given retroactive effect, meaning that they are applied to all pending cases in which a challenge has been raised and preserved. *Wayne Co v Hathcock*, 471 Mich 445, 484; 684 NW2d 765 (2004). The courts of this state, however, will depart from this general rule if rare exigent circumstances exist. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586; 702 NW2d 539 (2005). In those matters, a decision will be applied prospectively, but such application is only appropriate if the decision at issue overrules clear and uncontradicted caselaw. *Id*. at 587.

In *Al-Shimmari*, our Supreme Court held that MCR 2.504(B)(3) means that a dismissal based on the expiration of a period of limitations operates as an adjudication on the merits unless the court specifies otherwise. *Al-Shimmari, supra* at 295-296. According to plaintiff, *Al-Shimmari* overruled *Rogers v Colonial Fed S & L Ass'n*, 405 Mich 607; 275 NW2d 499 (1979) (opinion by WILLIAMS), which in plaintiff's view held that a dismissal based on expiration of the period of limitations was *not* an adjudication on the merits. According to plaintiff, when she filed her complaint in December 2006, *Rogers*, and unpublished opinions citing it, was the existing "clear and uncontradicted case-

law" on which she relied. However, the "sole issue" in *Rogers* was whether the plaintiff was barred, by res judicata or court rule, from bringing a second suit when her first suit had been voluntarily dismissed with prejudice. *Id.* at 613. The Court held that such a case would not be precluded. *Id. Rogers* did, however, state in a footnote, "An accelerated judgment based on the three-year statute of limitations is not an adjudication on the merits of a cause of action." *Id.* at 619 n 5, citing *Nordman v Earle Equip Co*, 352 Mich 342; 89 NW2d 594 (1958).

This footnote is not the holding of the *Rogers* Court, but is dicta that had the support of only three justices. Further, the case upon which this dicta relies for support, *Nordman*, was decided before the General Court Rules of 1963, which included the original version of MCR 2.504(B)(3), were even promulgated. Moreover, the *Al-Shimmari* Court found that the assertion in footnote 5 is contrary to the plain language of the court rule. *Al-Shimmari, supra* at 296-297. And, perhaps most significantly, our Supreme Court has already applied *Al-Shimmari* retroactively in *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418-419; 733 NW2d 755 (2007). Thus, neither *Rogers* nor the unpublished Court of Appeals cases cited by plaintiff can be fairly described as clear and uncontradicted caselaw, so that *Al-Shimmari* should only be applied prospectively. Accordingly, I would conclude that the trial court did not err by applying *Al-Shimmari* retroactively to plaintiff's case.

The trial court did not err by granting defendants' motion for summary disposition and did not abuse its discretion by dismissing plaintiff's case with prejudice. Accordingly, I dissent.