MALESEV *v.* GARAVAGLIA.

1. JUDGMENT—RES JUDICATA.
    Judgment must be rendered on the merits to constitute a bar
    to any subsequent claim.

2. SAME—ACCELERATED JUDGMENT—RES JUDICATA.
    Accelerated judgment in action for damages to land on grounds
    that action was barred by tort statute of limitations did not
    constitute *res judicata* to bar subsequent action on theory of
    third-party beneficiary contract arising out of same facts,
    since it was not a judgment on merits.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 347.
[2] 30A Am Jur, Judgments § 361.
[3] 41 Am Jur, Pleadings § 391.
[4] 17 Am Jur 2d, Contracts § 302 *et seq.*
[5] 34 Am Jur, Limitation of Actions § 79 *et seq.*

3. PLEADING—JOINDER—WAIVER.

Defendants' failure to object to non-joinder by plaintiff of claim for breach of contract in tort action arising out of same occurrence constituted a waiver of required joinder of such claims under court rule (GCR 1963, 203.1).

4. CONTRACTS—GOVERNMENTAL CONSTRUCTION—THIRD-PARTY BENEFICIARIES.

Real property owners who suffer injury to their lands as a result of breach of contract by contractors constructing a drain water intake for county board of road commissioners may recover damages for breach of contract as third-party beneficiaries if the contract contains a provision designed to make them third-party beneficiaries.

5. SAME—THIRD-PARTY BENEFICIARIES—STATUTE OF LIMITATIONS.

Action by a third-party beneficiary for breach of an express contract entered into in part to protect his interests is subject to 6-year statute of limitations (CLS 1961, § 600.5807[8]).

Appeal from Wayne, Moody (Blair, Jr.), J. Submitted Division 1 January 12, 1968, at Detroit. (Docket No. 3,394.) Decided June 28, 1968.

Complaint by Milos Malesev and Sophie Malesev against Louis Garavaglia and others, and the Wayne County Board of Road Commissioners, for damages to property caused by performance of construction contract between defendants. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Charles E. Raymond,* for plaintiffs.

*Alexander, Buchanan & Conklin,* for defendants.

T. G. KAVANAGH, P. J. Defendant companies contracted with the Wayne county board of road commissioners to construct a drain water intake in the city of Lincoln Park. Plaintiffs, property owners,

originally began an action in the Macomb circuit court on August 17, 1964 against the construction firms only, alleging that "the soil in their backyard and around their home has shifted almost continuously since 1959 and 1960 on account of blasting by defendant,"[1] and claiming damages which resulted from such subsidence. A motion was made by defendants for accelerated judgment (GCR 1963, 116) claiming that plaintiffs' action was barred by the 3-year statute of limitations on personal injury or property damage claims. CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805). An order granting the motion was entered on October 18, 1965.

On December 1, 1965, the property owners brought a second, separate action against defendants in Wayne circuit court, (including in this action the Wayne county road commission) claiming that they were third-party beneficiaries of an express contract between the road commission and the construction firms and that defendant construction firms had breached that contract. Actions on a contract of the type relied on here are governed by CLS 1961, § 600.5807[8] (Stat Ann 1962 Rev § 27A.5807[8]), prescribing a 6-year limitation period.

It is from an order of the lower court allowing an accelerated judgment in favor of defendants on this second suit that plaintiffs appeal.

Plaintiffs assert that, contrary to the lower court's holding, the accelerated judgment of October 18, 1965 which disposed of the tort action was not *res judicata* as to the second suit of December 1, 1965 which was brought for breach of an express contract.

GCR 1963, 116.1 states:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process

---

[1] Plaintiffs' complaint of August, 1964.

be quashed or that judgment be entered dismissing
1 or more claims asserted against him upon any of
the following grounds:   *   *   *

"(5) the claim is barred because of . . . statute
of limitations, . . . or assignment or other dis-
position of the claim before commencement of the
action."

This court rule allows certain defenses to be pre-
sented which, upon a preliminary hearing, will de-
termine whether a trial on the merits is necessary.
If the defense is good, disposition of the claim may
be made without a trial on the merits.

A judgment, to constitute a bar to any subsequent
claim, however, must be rendered on the merits.
*Tucker* v. *Rohrback* (1864), 13 Mich 73. " 'No judg-
ment in any legal proceeding can be a bar unless
the rights of the party whose claim has been pre-
sented for adjudication have been passed upon, or
he had the right in such proceeding to have merits
on such claim adjudicated.' "  *Nordman* v. *Earle
Equipment Company* (1958), 352 Mich 342, 346,  The
accelerated judgment granted on the first action in
tort properly applied the 3 year statute of limitation
and dismissed the plaintiffs' claim without deciding
the merits.

Plaintiffs' separate claim for breach of contract
could have properly been brought in conjunction
with the first suit (GCR 1963, 111.9), but defendant
made no objection at that time for failure to join
all actions, consequently nothing bars the bringing
of this separate action now.  (GCR 1963, 203.1).[2]

As the accelerated judgment of the tort claim was
not a decision on the merits, it was not *res judicata*
to bar a second suit for breach of contract.  It is

[2] An interesting discussion on the ramifications of this court rule
are found in the author's comments of Honigman and Hawkins,
1 Michigan Court Rules Annotated (2d ed), p 476 *et seq.*

incumbent on plaintiffs now to prove, as alleged, that the rights upon which they rely in this suit do in fact arise from those terms of a contract between the construction firms and the county road commission, reflecting an agreement to protect plaintiffs' interest. That plaintiff may rely on such contract, bringing direct suit against the construction firm for its breach is evidenced in *Bator* v. *Ford Motor Co.* (1934), 269 Mich 648. There the court quoted with approval the *Restatement of the Law,* Contracts § 145:

"A promisor bound to the United States or to a State or municipality by contract to do an act or render a service to some or all the members of the public, is subject to no duty under the contract to such member to give compensation for the injurious consequences of performing or attempting to perform it, or of failing to do so, unless,

a.) An intention is manifested in the contract, as interpreted in the light of the circumstances surrounding its formation, that the promisor shall compensate members of the public for such injurious consequences, or

b.) The promisor's contract is with a municipality to render services the non-performance of which would subject the municipality to a duty to pay damages to those injured thereby."

It was said further in *Bator, supra:*

"The question of indemnification was not involved. In the drafting of the contract there seems to have been a realization of a duty on the part of the city towards 'those along the line of the work,' and the language exacted of the Ford Motor Company a promise to pay, running to the owners of property that might be damaged.

"Any damage to private property shall be taken care of to the satisfaction of the owners of said property." 269 Mich 648, 667.

We are unaware of the terms of the contract on which plaintiffs rely, though a comparison is made by them to those relied on in *Hardware Dealers Mutual Ins. Company* v. *R. H. Hidey, Inc.* (1957), 349 Mich 490, 496, where the contractor agreed to "protect all city property and private abutting property from injury or loss arising in connection with this contract." There, suit by the property owners as third-party beneficiaries was allowed. Actions for breach of an express contract, entered into, in part, to protect the interests of a third party, are governed by the 6-year limitation period. See *State Mutual Cyclone Insurance Company* v. *O. & A. Electrical Cooperative* (1965), 5 Mich App 452.

This case is remanded so that plaintiffs may have the opportunity to prove the contract, establish a third-party beneficiary position to that contract, show a breach of those provisions relied upon, and overcome whatever defense may be available to defendant on contract principles.

Appellant may tax costs.

J. H. GILLIS and BEER, JJ., concurred.