*In re* STAFFORD

WHALEN v DOYLE

Docket No. 131378. Submitted January 20, 1993, at Lansing. Decided June 7, 1993, at 9:30 A.M.

Nell A. and Kenneth Whalen brought an action in the Ingham Circuit Court against T. Michael Doyle, alleging legal malpractice. The parties reached a settlement after they agreed to strike language indicating that all the plaintiffs' claims would be dismissed with prejudice. Thereafter, E. Michael Stafford, the plaintiffs' attorney, filed another claim by the plaintiffs against the defendant, alleging breach of obligations assumed as a guarantor. The complaint was sent to the defendant with a notation from Stafford that his research had indicated that independent causes of action are not includable in awards for legal malpractice. The defendant moved for sanctions against the plaintiffs and Stafford, alleging that the pleading was signed in violation of MCR 2.114(A)-(D). The court, Thomas L. Brown, J., dismissed the action on the basis of res judicata and imposed sanctions on the Whalens and Stafford for signing the pleading in violation of MCR 2.114(D)(2). Stafford appealed.

The Court of Appeals *held:*

The court erred in imposing sanctions. Stafford did not violate the reasonable inquiry standard of MCR 2.114(D)(2). He made a reasonable inquiry before filing the second lawsuit and took steps to preserve any remaining claims when the settlement was reached in the first lawsuit, and Doyle apparently agreed to the preservation of those claims. In addition, Stafford conducted extensive research and supplied the authority on which he based his theory of recovery.

Reversed.

PLEADING — REASONABLE INQUIRY STANDARD — APPEAL.

Whether an attorney or party has violated the reasonable inquiry standard regarding the filing of a pleading depends largely on

REFERENCES

Am Jur 2d, Pleading § 339.

See ALR Index under Pleadings.

the facts and circumstances of the claim; the Court of Appeals reviews the findings of fact of the trial court for clear error; a finding of fact is clearly erroneous where, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made (MCR 2.114).

E. Michael Stafford, in propria persona.

*Smith, Johnson, Brandt & Heintz, Attorneys, P.C.* (by *Louis A. Smith, Paul T. Jarboe, Patrick E. Heintz,* and *Michael J. Corcoran*), for the defendant.

Before: BRENNAN, P.J., and CAVANAGH and CORRIGAN, JJ.

CAVANAGH, J. Appellant, attorney E. Michael Stafford, appeals as of right a decision of the trial court to impose sanctions on him and his clients, the Whalens, for signing a pleading in violation of MCR 2.114(D)(2). Appellant claims that this decision was erroneous because, to the best of his knowledge, information, and belief formed after reasonable inquiry, the pleading was well grounded in fact and was warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. We agree and reverse.

To impose a sanction under MCR 2.114(E), the trial court must first find that an attorney or party has signed a pleading in violation of MCR 2.114(A)-(D). The determination whether an attorney or party has violated the "reasonable inquiry" standard of MCR 2.114(D)(2) depends largely on the facts and circumstances of the claim. *Lloyd v Avadenka,* 158 Mich App 623, 630; 405 NW2d 141 (1987). This Court reviews the findings of fact of a trial court to determine if the findings are clearly erroneous. A finding of fact is clearly erroneous

when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Hwys,* 397 Mich 44, 46; 243 NW2d 244 (1976).

According to the record in this case, the parties settled a legal malpractice lawsuit after they agreed to strike language indicating that "all claims" of the plaintiffs would be dismissed with prejudice. Thereafter, appellant sent a draft complaint to defendant specifying the remaining claims with the following notation: "Enclosed also is some authority for the proposition that independent causes of action are not includable in awards for legal malpractice." The remaining claims were based on defendant's alleged breach of obligations he assumed as a guarantor. Appellant believed that "[i]ndependent personal liability on the basis of contract [was] not related to or includable in a malpractice cause of action." And, in responding to defendant's motion for sanctions based on the theory of res judicata, appellant attested to the fact that he did extensive research regarding the effect of the settlement of the legal malpractice action before filing the breach of contract action.

If we assume for the purposes of this appeal that res judicata barred the filing of the second suit, the only question that remains is whether the facts and circumstances of this case establish that appellant violated the "reasonable inquiry" standard of MCR 2.114(D)(2). In our opinion, they do not. In what can best be described as a very unsettled area of the law in light of the interplay between MCR 2.203, *Malesev v Garavaglia,* 12 Mich App 282; 162 NW2d 844 (1968), and *Purification Systems, Inc v Mastan Co, Inc,* 40 Mich App 308; 198 NW2d 807 (1972), the facts indicate that appellant did make "reasonable inquiry" before

filing the second lawsuit. He took steps to preserve any remaining claims when the settlement was reached in the first lawsuit, steps that defendant apparently agreed to. He attested to the fact that he conducted extensive research before filing the second lawsuit. And he supplied the authority on which he based his theory of recovery. Given these circumstances, we are firmly convinced that the trial court erred in finding that appellant violated the "reasonable inquiry" standard of MCR 2.114(D)(2).

Reversed.