VERBRUGGHE v SELECT SPECIALTY
HOSPITAL-MACOMB COUNTY, INC

Docket No. 263686. Submitted January 5, 2006, at Detroit. Decided
March 23, 2006, at 9:10 a.m. Leave to appeal sought.

Suzanne Verbrugghe, as personal representative of the estate of
George Verbrugghe, deceased, brought an action in the Macomb
Circuit Court against Select Specialty Hospital-Macomb County,
Inc., and others, claiming medical malpractice. The plaintiff is the
second personal representative. The first personal representative
brought a similar suit that was dismissed on the basis that the
period of limitations had expired. The court, Richard L. Caretti, J.,
dismissed this case with prejudice, ruling that the action was not
filed within the period of limitations, that res judicata barred the
action, and that the plaintiff failed to file a notice of intent to sue
as required by MCL 600.2912b(1). The plaintiff appealed.

The Court of Appeals *held*:

1. The circuit court erred in concluding that the plaintiff's suit
was filed untimely. Under MCL 600.5852, a successor personal
representative may file an action that survives the decedent's
death at any time within two years after letters of authority are
issued to that personal representative although the period of
limitations has run. However, the action must be commenced
within three years after the period of limitations has run. The
action in this case was commenced within two years after the
letters of authority were issued to the plaintiff and within three
years after the period of limitation had run. The action was timely
under MCL 600.5852.

2. The circuit court erred in concluding that the plaintiff's
action was barred by res judicata. Res judicata requires an earlier
adjudication on the merits. Dismissal on statute of limitations
grounds does not constitute an adjudication on the merits for the
purposes of res judicata.

3. Summary disposition for the defendants on the basis of the
plaintiff's failure to comply with the notice requirement of MCL
660.2912b(1) was appropriate inasmuch as the plaintiff failed to
file a notice of intent to sue for medical malpractice. However,

dismissal without prejudice is the appropriate sanction for the plaintiff's noncompliance.

Affirmed in part, reversed in part, and remanded for entry of an order of dismissal without prejudice.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — SUCCESSOR PERSONAL REPRESENTATIVE — SAVING PROVISION.

A successor personal representative has two years from the grant of his or her letters of authority to file a medical malpractice action relating to a decedent's death, provided that the action is filed within three years after the period of limitations has run (MCL 600.5852).

2. ACTIONS — RES JUDICATA.

A dismissal of an action on statute of limitations grounds does not constitute an adjudication on the merits for purposes of res judicata.

3. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE ACTIONS.

A dismissal without prejudice is the appropriate sanction for a medical malpractice plaintiff's noncompliance with the statutory requirement of providing a notice of intent to file an action before commencing the action (MCL 600.2912b[1]).

*Hertz, Schram & Saretsky, P.C.* (by *Steve J. Weiss, Kevin J. Peters*, and *William D. Adams*), for Suzanne Verbrugghe.

*Couzens, Lansky Fealk, Ellis, Roeder & Lazar, P.C.* (by *Karen W. Magdich*), for Select Specialty Hospital-Macomb County, Inc.

*Plunkett & Cooney, P.C.* (by *Joseph F. Babiarz, Jr.*; and *Robert G. Kamenc*), for Arsenio V. De Leon, M.D.

Before: MURRAY, P.J., and JANSEN and KELLY, JJ.

MURRAY, P.J.

## I. INTRODUCTION

This appeal involves the second medical malpractice lawsuit filed on behalf of the estate of George Verbrug-

ghe against these defendants. In the first lawsuit, the Macomb Circuit Court properly dismissed the case on statute of limitations grounds, a decision that we have upheld in an opinion issued simultaneously with this opinion. See *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc,* unpublished opinion per curiam of the Court of Appeals, issued March 23, 2006 (Docket No. 262748). However, just before that first dismissal, a successor personal representative (the sister of the initial representative) was appointed. The successor representative not only replaced the initial representative on the caption of the complaint before the dismissal occurred in the first lawsuit, but she also filed a second lawsuit in the same circuit court.[1]

The trial court also dismissed this case on statute of limitations grounds, MCR 2.116(C)(7), as well as offering several alternative grounds supporting its decision. Central to this appeal is whether MCL 600.5852, as enforced by *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29; 658 NW2d 139 (2003), allowed plaintiff to bring this second lawsuit. We conclude that under the statute and *Eggleston,* plaintiff could do so. We also hold that res judicata did not bar this lawsuit, because a dismissal on statute of limitations grounds does not constitute an adjudication on the merits. Accordingly, we reverse the trial court's order dismissing this case with prejudice, and, for the reasons stated below, remand for entry of an order of dismissal without prejudice.

## II. MATERIAL FACTS AND TRIAL COURT PROCEEDINGS

As with any case dealing with the statute of limitations, the dates of certain events are critical. The

---

[1] Plaintiff failed to indicate on the caption of this second complaint that there was a related case pending that involved the same transaction or occurrence. MCR 2.113(C)(2).

allegations in this case are that, on August 14, 2001, the decedent underwent hip replacement surgery at St. John Macomb Hospital. Thereafter, the decedent was transferred to Select Specialty Hospital-Macomb County, where he was allegedly treated with excessive antibiotics and suffered from a low potassium level. The decedent was released from care on October 14, 2001. By October 18, 2001, the decedent had passed away from congestive heart failure.

The initial personal representative, Steven Verbrugghe, was appointed on December 26, 2001, submitted a notice of intent to bring a medical malpractice suit on December 2, 2003, and filed the first lawsuit on June 24, 2004. Defendants in that case filed motions for summary disposition based on the expiration of the period of limitations. On September 27, 2004, at a time when briefing and arguments had concluded but no decision by the circuit court had been rendered, Suzanne Verbrugghe was issued letters of authority to be the successor personal representative. The successor representative replaced the initial representative on the caption of the first complaint, and, on October 21, 2004, also filed this lawsuit. Thereafter, on November 29, 2004, the trial court dismissed the initial lawsuit because it was untimely filed.

Defendants Select Specialty and Dr. De Leon then filed motions for summary disposition in this case, arguing that the case was filed outside the applicable limitations period, that res judicata barred the action, that plaintiff had failed to file a notice of intent before proceeding with this case, and that plaintiff had failed to comply with MCR 2.113(C)(2)(b). On June 10, 2005, the circuit court granted defendants' motions, agreeing

with the first three arguments noted above, while not addressing defendants' argument that plaintiff violated MCR 2.113(C)(2)(b).[2]

### III. ANALYSIS

" 'This Court reviews a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7) de novo to determine whether the moving party was entitled to judgment as a matter of law.' " *Rinas v Mercer*, 259 Mich App 63, 67; 672 NW2d 542 (2003) (citation omitted). In addition, the interpretation and application of statutes present questions of law that we review de novo. *Eggleston, supra* at 32.

### A. TIMELINESS

Plaintiff argues that the trial court erred in rejecting her argument that the issuance of letters of authority for her to serve as the successor personal representative and her subsequent filing of a new complaint were proper under MCL 600.5852 and *Eggleston*. For their part, defendants argue that *Eggleston* is factually distinguishable because the *Eggleston* successor personal representative was appointed out of "necessity," while plaintiff's appointment was only meant to avoid the demise of the medical malpractice case filed by the initial personal representative. In addition, defendants argue that, unlike the personal representative in *Eggleston*, the initial personal representative in this case had initiated a cause of action. The trial court agreed with defendants and, in dismissing this action, relied in part on factual distinctions between this case and *Eggleston*.

---

[2] Consequently, we decline to address this issue. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).

MCL 600.5852 states:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, *an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.* [Emphasis added.]

In applying this statute to this case, our task is to enforce the words used by the Legislature, not to judicially craft exceptions to those words:

> Because our judicial role precludes imposing different policy choices than those selected by the Legislature, our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute. *People v McIntire,* 461 Mich 147, 152-153; 599 NW2d 102 (1999). If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Tryc v Michigan Veterans' Facility,* 451 Mich 129, 135; 545 NW2d 642 (1996). We must give the words of a statute their plain and ordinary meaning. [*Herald Co v Bay City,* 463 Mich 111, 117-118; 614 NW2d 873 (2000).]

See, also, *Threet v Pinkston,* 20 Mich App 39, 41; 173 NW2d 731 (1969) ("We may not attempt to rewrite the statute . . . nor may we read into it restrictions at variance with its plain language and clear meaning.").

The *Eggleston* Court noted how clear the words used in the statute were, which necessitated a decision that

> [t]he statute simply provides that an action may be commenced by the personal representative "at any time within 2 years after letters of authority are issued although the period of limitations has run." . . . The language adopted

by the Legislature clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative. [*Eggleston, supra* at 33.]

It appears to us that the *Eggleston* Court's conclusion was based solely on the statutory language. The only facts relevant to the *Eggleston* holding were that the initial personal representative died and that a successor was appointed. The Court concluded, based on the statute, that the successor's two-year period of limitations started with the issuance of the successor's letters of authority, not the initial personal representative's papers.[3] Thus, because the plaintiff was the personal representative of the estate and had otherwise filed within the two-year period and the three-year ceiling, the complaint was proper and timely:

> Plaintiff was "the personal representative" of the estate and filed the complaint "within two years after letters of authority [were] issued," and "within three years after the period of limitations ha[d] run." MCL 600.5852. The action was therefore timely. [*Eggleston, supra* at 33.]

Therefore, unlike *McLean v McElhaney,* 269 Mich App 196; 711 NW2d 775 (2005), we do not believe the facts in this case allow us to avoid applying the plain language of this statute as interpreted in *Eggleston.* Thus, because *McLean* did not apply *Eggleston,* we find that *McLean* provides us no useful guidance.

As noted in *Eggleston,* the statute contains only two limitations on the circumstances under which a successor personal representative can take advantage of the

---

[3] As occurred in this case, in *Eggleston* the successor personal representative received his papers after the two-year medical malpractice statutory period of limitations expired. See *Eggleston, supra* at 31.

two-year period of limitations: the decedent passing away during the limitations period and the successor receiving letters of authority. Once these events occur, the statute simply indicates that if a lawsuit is brought by a successor, it must be filed within two years of the issuance of the letters of authority, but no more than five years after the cause of action accrued. We recognized as much in *Farley v Advanced Cardiovascular Health Specialists, PC,* 266 Mich App 566; 703 NW2d 115 (2005):

> [A] personal representative may file a medical malpractice suit on behalf of a deceased person for two years after letters of authority are issued, as long as that suit is commenced within three years after the two-year malpractice limitations period expired. [*Id.* at 572-573.]

Under the plain language of the statute, and consistently with its interpretation in *Eggleston* and *Farley,* we conclude that plaintiff timely filed this complaint. The decedent died within two years of the cause of action accruing,[4] plaintiff's letters of authority were issued on September 27, 2004, and the complaint was filed less than a month later, on October 21, 2004.[5] Finally, plaintiff commenced this lawsuit before October 14, 2006.[6] Thus, plaintiff's complaint was filed in strict compliance with MCL 600.5852.

In *McMiddleton v Bolling,* 267 Mich App 667; 705 NW2d 720 (2005), we recognized that a successor per-

---

[4] "If a person dies before the period of limitations has run . . . an action which survives by law . . . ." MCL 600.5852.

[5] " . . . may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run." *Id.*

[6] "But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run." *Id.*

sonal representative had the authority to file a second lawsuit, despite the initial representative having filed an untimely one, as long as the second complaint was otherwise timely under MCL 600.5852 and *Eggleston*. *McMiddleton, supra* at 672-673. Unlike in our case, in *McMiddleton* the successor did not file a second complaint within the statutory time frame, *id.* at 673, and, because she could not ratify an untimely filed complaint, the dismissal was upheld. *Id.* at 673-674.

We also reject defendants' argument, adopted by the trial court, that applying *Eggleston* would circumvent a purpose of the statute of limitations, which is to protect defendants from stale claims. In order to accept this position, we would have to ignore the statutory time-lines within MCL 600.5852. Clearly, the general purposes of a statute cannot override the plain and unambiguous language of that particular statute. *Tull v WTF, Inc*, 268 Mich App 24, 31; 706 NW2d 439 (2005). Hence, unless there is some other independent impediment to plaintiff bringing this claim, the timelines set forth by the Legislature control the issue whether plaintiff timely filed this complaint.

In ruling as we have, we have not ignored the rather unique situation created under these facts. It is patently obvious that, under these facts, plaintiff may proceed with a second lawsuit, despite the dismissal of the initial personal representative's lawsuit. In other words, the estate gets a chance for a second bite of the apple. But we believe the predicament lies within the statute, which must be our focal point, and under the statute there is no limitation on the circumstances under which a personal representative can file a lawsuit once letters of authority are issued other than the time limits with which plaintiff has complied. *Eggleston, supra; Farley, supra.* Thus, if this type of successive suit

is an unintended consequence of the language contained in the statute, the Legislature is the proper body to correct that deficiency.

The trial court also ruled that the successor personal representative was required, pursuant to MCL 700.3613, to assume the position and actions of the initial personal representative. While this statute has procedural implications for the successor personal representative, it does not, as determined by the trial court, preclude her from initiating a separate action. MCL 700.3701 provides:

> A personal representative's duties and powers commence upon appointment. A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment. Before or after appointment, a person named as personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative.

In this case, plaintiff specifically elected not to ratify the lawsuit brought by the initial personal representative, instead filing a new one. As we stated in *McMiddleton*, under *Eggleston* and MCL 600.5852, "a successor personal representative cannot rely on the untimely filed complaint that was filed before she was appointed." *McMiddleton, supra* at 673. Further, this Court recognized that under the statute, any ratification by a successor personal representative of a prior act required that the prior act be "beneficial to the estate." MCL 700.3701; *McMiddleton, supra* at 674. Since the initial complaint in this litigation was untimely, which certainly is of no benefit to the estate, there was no

basis for its adoption or ratification by plaintiff. *Mc-Middleton, supra.*

## B. RES JUDICATA

We must now resolve defendants' alternative argument that, even if plaintiff's complaint was timely under *Eggleston*, it is nonetheless barred by res judicata. Specifically, defendants argue, though not too strenuously, that the dismissal of the first case on statute of limitations grounds bars this lawsuit. The trial court agreed with this argument, holding:

> The doctrine of *res judicata* precludes a subsequent action between the same parties when the evidence or essential facts are identical. This doctrine requires that: (1) the first suit be decided on the merits; (2) the matter contested in the subsequent suit was or could have been resolved in the first case; and (3) both suits involve the same parties or their privies. *Eaton Co [Bd of] Rd Comm'rs v Schultz,* 205 Mich App 371, 375-376; 521 NW2d 847 (1994).
>
> With respect to the Verbrugghe estate, the Court dismissed the claims in the first case against Specialty and DeLeon on the ground that they were time-barred. Thus, a decision was rendered on the merits. Moreover, the Court is satisfied that the issues and parties are essentially the same in the prior and present cases. Under these circumstances, the Court holds that the doctrine of *res judicata* operates to bar the instant claims. *Eaton Co Rd Comm'rs, supra.*

Although none of the parties has cited a single case addressing whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits for purposes of res judicata,[7] we hold that it does not.

---

[7] Consequently, we could simply conclude that the issue was abandoned for failure to prime the appellate pump. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959). We resolve the issue now, however, because the trial court decided the issue.

The determination whether res judicata bars a lawsuit involves a question of law, which we review de novo. *Chestonia Twp v Star Twp,* 266 Mich App 423, 428; 702 NW2d 631 (2005), citing *Adair v Michigan,* 470 Mich 105, 119; 680 NW2d 386 (2004). In *Dart v Dart,* 460 Mich 573, 586; 597 NW2d 82 (1999), the Supreme Court outlined the general principles governing res judicata:

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Eaton Co Bd of Co Rd Comm'rs v Schultz,* 205 Mich App 371, 375; 521 NW2d 847 (1994). A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* at 375-376.
>
> Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160-163; 294 NW2d 165 (1980); *Sprague v Buhagiar,* 213 Mich App 310, 313; 539 NW2d 587 (1995).

In support of the trial court's ruling, defendants argue that the granting of a motion for summary disposition constitutes an adjudication on the merits. As a general matter, this proposition can be correct. See, e.g., *Mable Cleary Trust v Edward-Marlah Muzyl Trust,* 262 Mich App 485, 510; 686 NW2d 770 (2004) ("[A] summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata."). However, because a motion for summary disposition can be premised on both procedural and substantive grounds, see MCR 2.116(C)(1) to (10), it is necessary to determine whether a motion brought under MCR 2.116(C)(7) for expiration of the period of limitations constitutes an adjudication on the merits.

We are not writing on a clean slate, as both the Supreme Court and this Court have addressed this issue. In *Nordman v Earle Equipment Co*, 352 Mich 342; 89 NW2d 594 (1958), the Supreme Court rejected the argument that a prior dismissal on the basis that the complaint was filed prematurely was an adjudication on the merits, holding:

> " 'No judgment in any legal proceeding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have the merits of such claim adjudicated.' " [*Id.* at 346 (citations omitted).]

Although *Nordman* did not involve a prior dismissal on statute of limitations grounds, it was used as controlling precedent when this Court considered that precise issue in *Malesev v Garavaglia*, 12 Mich App 282; 162 NW2d 844 (1968). In that case, certain property owners brought suit in the Macomb Circuit Court against several contractors for property damage. The defendants successfully moved for dismissal on the basis of the three-year statute of limitations. Less than two months later, plaintiffs filed another lawsuit, this time alleging breach of contract, against the same defendants in the Wayne Circuit Court. The trial court granted defendants' motion for accelerated judgment. *Id.* at 284. This Court reversed the dismissal, holding that a dismissal based on the statute of limitations was not an adjudication on the merits for res judicata purposes.

> A judgment, to constitute a bar to any subsequent claim, however, must be rendered on the merits. *Tucker* v. *Rohrback* (1864), 13 Mich 73. " 'No judgment in any legal proceeding can be a bar unless the rights of the party whose claim has been presented for adjudication have been passed upon, or he had the right in such proceeding to have merits on such claim adjudicated.' " *Nordman* v. *Earle Equipment Company* (1958), 352 Mich 342, 346 [89 NW2d 594]. The accelerated judgment granted on the first action in tort properly applied

the 3 year statute of limitation and dismissed the plaintiffs' claim without deciding the merits.

\* \* \*

As the accelerated judgment of the tort claim was not a decision on the merits, it was not *res judicata* to bar a second suit for breach of contract. [*Id.* at 285.]

In a plurality opinion issued just over a decade later, the Supreme Court, citing its *Nordman* opinion, indicated that "[a]n accelerated judgment based on the three-year statute of limitations is not an adjudication on the merits of a cause of action." *Rogers v Colonial Fed S & L Ass'n of Grosse Pointe Woods,* 405 Mich 607, 619 n 5; 275 NW2d 499 (1979). More recently, in *Ozark v Kais,* 184 Mich App 302; 457 NW2d 145 (1990), we concluded that a prior dismissal on statute of limitations grounds did not, under res judicata, bar a second suit.

In this case, the first action was dismissed on the basis of the statute of limitations. Such a dismissal was on a technical, procedural ground. The question whether defendant was the child's father was never adjudicated. Therefore, we find that the first action was not decided on its merits. The doctrine of res judicata does not apply. [*Id.* at 308.]

In accordance with these decisions, we hold that the prior dismissal of the estate's case on statute of limitations grounds did not constitute an adjudication on the merits for the purposes of res judicata.[8] Therefore, res judicata did not bar this action.

---

[8] Although no party has cited *McLean* for its brief discussion of res judicata, we conclude that *McLean* does not affect our analysis. In order to even consider the doctrine of res judicata, there must be a second suit filed. *Chestonia Twp, supra* at 429. In *McLean,* the personal representatives never filed a second lawsuit, *McLean, supra* at 197, and therefore its discussion of res judicata was based on a hypothetical situation. Its discussion was therefore obiter dictum and not binding on subsequent panels. *Carr v City of Lansing,* 259 Mich App 376, 383-384; 674 NW2d 168 (2003).

## C. NOTICE OF INTENT

The trial court's final reason for dismissal was that plaintiff's complaint was subject to dismissal because the successor personal representative failed to serve a notice of intent on defendants, citing MCL 600.2912b(1) and *Halton v Fawcett,* 259 Mich App 699, 704; 675 NW2d 880 (2003). The trial court and defendants are correct in this last assertion, as plaintiff herself was required to file or serve a notice of intent before commencing this lawsuit. *Halton, supra.* However, the remedy for this deficiency is a dismissal without prejudice. See *Neal v Oakwood Hosp Corp,* 226 Mich App 701, 715; 575 NW2d 68 (1997) ("[D]ismissal without prejudice" would be the "appropriate sanction for plaintiff's noncompliance with [MCL 600.2912b(1)]").

## IV. CONCLUSION

We reverse the trial court's grant of defendants' motions for summary disposition based on MCL 600.5852 and res judicata, but affirm the dismissal based on plaintiff's failure to comply with MCL 600.2912b(1), and remand for entry of an order dismissing this case without prejudice. *Neal, supra.* We do not retain jurisdiction. No costs to either side.