**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0407n.06**
**Filed: June 19, 2007**

**Nos. 05-2699 and 06-1670**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| E B - B R A N   P R O D U C T I O N S , INCORPORATED, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W A R N E R / E L E K T R A / A T L A N T I C CORPORATION, et al. | ) | |
| | ) | |
| Defendants-Appellees.     (05-2699) | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| E B - B R A N   P R O D U C T I O N S , INCORPORATED, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W A R N E R / E L E K T R A / A T L A N T I C CORPORATION; WARNER-TAMERLANE PUBLISHING, INCORPORATED; CINRAM I N T E R N A T I O N A L ;   I V Y   H I L L CORPORATION; ATLANTIC RECORDING; LAVA RECORDS; WARNER MEDIA SERVICES; JOHN DOE; JANE DOE; TOP DOG RECORDS, INCORPORATED; ROBERT J. RITCHIE, | ) | |
| | ) | |
| Defendants-Appellees.     (06-1670) | ) | |

Nos. 05-2699 and 06-1670
*Eb-Bran Productions, Inc. v. Warner/Elektra/Atlantic Corp.*

Before: ROGERS and COOK, Circuit Judges; and DOWD, District Judge.[*]

PER CURIAM.  Eb-Bran Productions, Inc. ("Eb-Bran") appeals the district court's orders denying its motion to remand and granting the defendants' motion for summary judgment.  Eb-Bran's attorneys appeal the district court's order granting the defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11.  Having reviewed the record and the applicable law, and with the benefit of the parties' briefs, we determine that no jurisprudential purpose would be served by a lengthy panel opinion.  With the following qualification, we affirm the district court's judgments for the reasons stated in that court's opinions.

In granting summary judgment against Eb-Bran, the district court concluded that (1) the res judicata effect of *Ritchie v. Williams* (*Ritchie I*), 395 F.3d 283 (6th Cir. 2005), barred the claims against Ritchie, Top Dog, Warner/Elektra/Atlantic Corp., Warner Media Services, Lava Records, Ivy Hill, Inc., and Cinram International; (2) the res judicata effect of the pre-removal state-court proceedings in *Ritchie I* barred the claims against Warner-Tamerlane; and (3) a stipulated order entered by the district court in *Ritchie I* barred Eb-Bran's claim against Atlantic Recording Corp.  We express no opinion on the overall soundness of the district court's res judicata analysis:  Eb-Bran makes a proper challenge to only one aspect of the analysis, and that challenge fails, so we affirm.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

The only res judicata argument Eb-Bran properly raises on appeal is that under Michigan law, a dismissal based on the statute of limitations is not a decision "on the merits." *See Verbrugghe v. Select Specialty Hosp.*, 715 N.W.2d 72, 80 (Mich. Ct. App. 2006). No matter which of the defendants Eb-Bran means to target with this argument, it fails. Warner-Tamerlane was dismissed from the pre-removal state-court litigation because Eb-Bran failed to state a claim against it, not because of the statute of limitations. As for the remaining defendants, Michigan's characterization of a judgment based on the statute of limitations is unimportant because a federal court applies *federal* law in determining the preclusive effect of a prior federal judgment (like *Ritchie I*), at least where jurisdiction in the prior litigation was based on a federal question. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971) ("It has been held in non-diversity cases since *Erie R. Co. v. Tompkins*, that the federal courts will apply their own rule of *res judicata*." (citation omitted)); Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court."); *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997) (endorsing § 87); *cf. J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996) (endorsing § 87 in the context of successive diversity actions). Under federal law, summary judgment based on the statute of limitations is a final judgment on the merits for res judicata purposes. *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981).

All of Eb-Bran's other res judicata arguments are either woefully underdeveloped or raised for the first time in the reply brief. The former are deemed waived, *e.g.*, *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997), and we may—and do—decline to consider the latter, *e.g.*, *Osborne*

*v. Hartford Life and Accident Ins. Co.*, 465 F.3d 296, 301 (6th Cir. 2006); *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 318 & n.23 (6th Cir. 2005) (citing Fed. R. App. P. 28 and other authority).

Finally, the stipulated order entered by the district court in *Ritchie I* precludes Eb-Bran's suit against Atlantic Recording Corp.

With the foregoing additional reasoning, we affirm the judgments of the district court and deny all pending motions.