BROZOWSKI *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—OFFICIAL MASTER PLAN—PARK LAND—CONVEYANCES.

A home-rule city is not prohibited from selling park land not required under an official master plan of the city nor required to adopt such a plan (CLS 1956, § 117.5; Detroit Charter, title 3, ch 1, § 12).

2. SAME—HOME-RULE CITY—CONVEYANCE OF PARK LAND FOR CHILDREN'S CENTER.

Conveyance of 4.32 acres of city park land to county, within which city was located, as site for proposed children's shelter of wards of county probate court *held,* within power of home-rule city council to order by resolution, where primary liability for city's children is upon the city and a majority of county's legislative body consisted of members of the legislative body of the city (CLS 1956, § 117.5; Detroit Charter, title 3, ch 1, § 12).

3. SAME—HOME-RULE CITY—CONVEYANCE OF PARK LAND—CHILDREN'S SHELTER.

A home-rule city whose legislative body comprised 52% of the legislative body of the county to which city conveyed 4.32 acres of city park land as site for proposed children's shelter of wards of probate court of the county was a transfer of property for a city public service and definitely for a public use

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 38 Am Jur, Municipal Corporations § 487; 39 Am Jur, Parks, Squares, and Playgrounds § 34.

and did not relinquish control of the operation of the shelter for children for whose care the city had a primary liability under its charter (CLS 1956, § 117.5; Detroit Charter, title 3, ch 1, § 12; title 4, ch 17, § 13).

4. SAME—DEEDS—RESOLUTION—ORDINANCES.

Deed of city's land to county within which city was located was *not invalid by reason of fact that city council's action* was taken by resolution rather than by ordinance.

5. COSTS—PUBLIC QUESTION—HOME-RULE CITY—COUNTY—CONVEY-ANCES—CHILDREN'S CENTER.

No costs are allowed in suit to enjoin county from exercising acts of ownership over land conveyed to it by home-rule city as site for children's center and to nullify deed, a public question being involved.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 8, 1957. (Docket No. 12, Calendar No. 47,071.)   Decided December 24, 1957.

Bill by John J. Brozowski and Anna J. Brozowski, individually and in behalf of all Detroit citizens and taxpayers, against the City of Detroit and the County of Wayne, both municipal corporations, to nullify deed of park property by the former to the latter for purpose of establishing area for nondelinquent juvenile housing.   Bill dismissed.   Plaintiff appeals. Affirmed.

*Eugene A. O'Leary* and *Philip A. Gillis,* for plaintiffs.

*Paul T. Dwyer,* Corporation Counsel, and *Robert Reese,* Assistant Corporation Counsel, for defendant city.

*Samuel H. Olsen,* Prosecuting Attorney, *Hobart Taylor, Jr.,* and *Thomas J. Foley,* Assistant Prosecuting Attorneys, for defendant county.

KELLY, J.   Plaintiffs, as taxpayers, individually and on behalf of all the taxpayers and citizens of the city of Detroit, brought an action to enjoin the county of Wayne from exercising any acts of ownership

over land located in Patton Memorial Park and from interfering in any manner with the use and enjoyment of Patton Memorial Park by plaintiffs and other residents and citizens of the city of Detroit, and to nullify a deed given by the city of Detroit to the county of Wayne, covering land located within Patton Memorial Park. Plaintiffs appeal from a decree entered by Hon. Thomas F. Maher, circuit judge for the county of Wayne, dismissing their bill of complaint.

In 1920 the city of Detroit by condemnation in fee acquired 96 acres of land which since that time has been used for park purposes, being referred to as George Patton Memorial Park.

For the past several years there has existed an urgent need for a shelter to house neglected and abandoned children who come under the jurisdiction of the probate court for the county of Wayne, the present facilities for housing these nondelinquent juveniles being totally inadequate. At the request of officials of the juvenile division of the probate court, the Detroit city plan commission conducted a site study to determine a suitable location for a proposed $350,000 shelter.

On August 2, 1954, the assistant director of the city plan commission wrote the Detroit common council advising that the city plan commission had considered several proposed sites and recommended approval of a site approximating 4.32 acres located in Patton Park. The approval of the site by the city plan commission was the result of a telephone poll of 6 of the 9 members of the commission.

The Detroit common council on July 27, 1954, ordered, by resolution, that 4.32 acres of the 96 acres constituting Patton Park be deeded to the county of Wayne for the express purpose of erecting a children's welfare shelter for nondelinquent children. The deed was duly executed, pursuant to said reso-

lution, on August 5, 1954, and delivered to the county of Wayne. The deed recited a consideration of $1 and other valuable considerations. The $1, in fact, has not been paid.

On March 2, 1955, the plaintiffs herein commenced suit by bill of complaint and an order to show cause was issued by the Wayne county circuit court.

On March 29, 1955, the common council resolved that it was intended by its acts of July 27, 1954, to delete 4.32 acres of the master plan for the city of Detroit. The common council further resolved that the land be deleted and that the quitclaim deed to the county of Wayne dated August 5, 1954, be ratified.

The city of Detroit adopted a comprehensive master plan for the development and improvement of the city. Insofar as it affected Patton Park the master plan had not been changed up until July 27, 1954. The so-called master plan of the city of Detroit is in fact a series of plans which have been submitted to the common council by the city plan commission over a period of many years. All these plans had been adopted over the years by resolutions of the common council and there have been additions, deletions and modifications.

The department of parks and recreation has adopted a standard of 1 acre per 1,000 persons for playgrounds, 1-1/2 acres per 1,000 persons for playground parks, and approximately 4 acres per 1,000 persons for large parks. The 6-1/2 acres per 1,000 persons is a standard which has been approved by the city plan commission and the common council. The community served by Patton Park has a population of approximately 115,000 people with approximately 192 acres of park and recreational facilities.

Plaintiffs are the owners of and reside in a home located in the city of Detroit directly across the street from 3 tennis courts in Patton Park and a public swimming pool. They testified that their

home would be depreciated in value by the loss of the use of the site for park purposes. The 4.32 acres deeded to the county are more than 500 feet from plaintiffs' home.

Appellants contend that the statute forbids the city of Detroit from selling the property when said sale was not required under an official master plan.

The home-rule act, section 5 (CLS 1956, § 117.5, Stat Ann 1955 Cum Supp § 5.2084) provides, in part, as follows:

"No city shall have power:   *   *   *

"(e)  To adopt a charter or any amendment thereto, unless approved by a majority of the electors voting thereon; to sell any park, cemetery or any part thereof, except where such park is not required under an official master plan of the city."

The charter of the city of Detroit, title 3, ch 1, § 12, provides:

"The legislative powers and duties of the council shall be as follows:   *   *   *

"(h)  To lease, sell, convey, transfer or dispose of, or to authorize the lease, sale, conveyance, transfer or disposal of any property owned by the corporation: Provided, that it shall not have the power to sell any park, cemetery or any part thereof, except where such park is not required under an official master plan of the city."

There is no provision in the city charter nor in the home-rule act requiring the city of Detroit to adopt an official master plan. The property in question was not part of an adopted master plan and there is no prohibition against Detroit transferring and selling the property to the county of Wayne.

Appellant contends there is no essential difference between the factual situation presented in this case and that of *Younglas* v. *City of Flint,* 345 Mich 576. In the *Younglas Case* the city of Flint, without a dol-

lar of consideration, endeavored to convey city property used as a public park to the United States government to be used as a site for a reserve armory school. In holding the transfer void and subject to injunctive relief, by suit started by city taxpayers, our Court stated (p 579):

"Transfer of the city property, without consideration, to the United States government, even though beneficial to the general public, amounts to an appropriation which is not for a city public purpose, an application thereof to public uses not under the control or care of the city, and, hence, void."

Two-thirds of the population of Wayne county resides in and are citizens of the city of Detroit. By statutory mandate 52% of the legislative body which represents the county of Wayne consists of members of the legislative body that represents the city of Detroit.*

The proposed children's shelter will provide care for Detroit children, which under the city's charter (Title 4, ch 17, § 13) is a primary obligation of the city of Detroit. The transfer of the property here involved was for a city public service and definitely for a public use, and the city of Detroit did not relinquish control of the operation of the children's shelter, to be built by the county of Wayne. There is a definite distinction between the present case and the *Younglas Case, supra.*

The trial court in its opinion dismissing the bill of complaint stated:

"The court has examined the proceedings had by the common council and can come to only one conclusion, that they acted within their authority as vested in them by the charter of the city of Detroit."

___

* PA 1955, No 262 (CLS 1956, § 117.27, Stat Ann 1955 Cum Supp § 5.2106).—REPORTER.

We agree with the opinion of the trial court and find no merit in appellants' contention that because the action of the Detroit common council was taken by resolution rather than by ordinance the deed should be declared null and void.

Decree of the lower court affirmed. No costs, a public question being involved.

DETHMERS, C. J., and SHARPE and CARR, JJ., concurred with KELLY, J.

BLACK, J. (*concurring in affirmance*). For reasons given over my signature in *Younglas* v. *City of Flint,* 345 Mich 576, 579–585, I concur in affirmance.

SMITH and VOELKER, JJ., concurred with BLACK, J.

EDWARDS, J., did not sit.