DUGGAN v CLARE COUNTY BOARD OF COMMISSIONERS

Docket No. 144950. Submitted December 8, 1993, at Lansing. Decided February 8, 1994, at 9:40 A.M.

Philip R. Duggan and others brought an action in the Clare Circuit Court against the Clare County Board of Commissioners, Waste Management of Michigan, Inc., and Waste Management of North America, Inc., seeking declaratory and injunctive relief. The plaintiffs alleged that the board of commissioners exceeded its authority in enacting a resolution authorizing the sale of a parcel of land to Waste Management of Michigan for the development and operation of a solid waste landfill. The plaintiffs had initiated a referendum concerning the matter after the resolution was passed, but the board refused to place the matter on the ballot. The court, Kurt N. Hansen, J., granted partial summary disposition for the defendants, finding that the resolution was not legislation subject to a referendum. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court properly determined that the resolution was not legislation subject to a referendum. A resolution is the form in which a legislative body expresses a determination or directs a particular action. It is of special or temporary character, whereas an ordinance prescribes a permanent rule for the conduct of government. The resolution at issue did not prescribe a permanent rule for the conduct of government, and need not be accomplished by ordinance, rather than resolution. The agreement for the development and operation of the landfill was a service contract, and does not prescribe a permanent rule for the conduct of government.

2. The Legislature has expressly given to county boards of commissioners the power to authorize the sale of county-owned property.

3. Because the board of commissioners did not grant a

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 135, 152, 343-345, 549, 550, 564.

Power of governing body of county to dispose of county real estate in absence of specific statutory authority. 21 ALR2d 722.

franchise for the disposal of solid waste, voter approval was not required.

4. The plaintiffs have no due process right to reasonable notice of a meeting that they concede was voluntarily conducted and not mandated by statute.

Affirmed.

1. COUNTIES — RESOLUTIONS — ORDINANCES.

The nature of an act, not its effect, determines whether an action by the legislative body of a county may be accomplished by resolution rather than by ordinance.

2. MUNICIPAL CORPORATIONS — RESOLUTIONS — ORDINANCES.

A resolution is the form in which a legislative body expresses a determination or directs a particular action, and is of special or temporary character; an ordinance prescribes a permanent rule for the conduct of government.

3. COUNTIES — BOARDS OF COMMISSIONERS — SALE OF COUNTY PROPERTY — RESOLUTIONS.

A county board of commissioners, by resolution, may authorize the sale of county-owned property (MCL 45.5, 46.11; MSA 5.285, 5.331).

4. MUNICIPAL CORPORATIONS — PUBLIC UTILITIES — FRANCHISES — VOTER APPROVAL.

The constitution requires that the grant of a public utility franchise for public utilities supplying light, heat, or power be approved by three-fifths of the electorate; the statute relating to the public utility status of any garbage and refuse processing and disposal plant and system does not broaden the scope of the electoral approval requirement of the constitution (Const 1963, art 7, § 25; MCL 123.242; MSA 5.2662).

5. COUNTIES — SOLID WASTE DISPOSAL — FRANCHISES — CONTRACTS — VOTER APPROVAL.

A county may grant a franchise for the disposal of solid waste, which requires voter appproval, or it may enter into a contract to receive, treat, transfer, and process solid waste, which does not require voter approval (MCL 123.245, 123.246; MSA 5.2665, 5.2666).

*Lewis L. Hole,* for the plaintiffs.

*Williams, Schaefer, Ruby & Williams, P.C.* (by *Thomas G. Plunkett*), for Clare County Board of Commissioners.

*Currie & Kendall, P.C.* (by *Thomas L. Ludington* and *Julia A. Close*), for Waste Management of Michigan, Inc.

Before: TAYLOR, P.J., and REILLY and M. J. TALBOT,* JJ.

PER CURIAM. Plaintiffs appeal as of right the circuit court's order granting partial summary disposition to defendants. The order was certified as a final judgment pursuant to MCR 2.604(A). We conclude that the trial court properly considered and resolved the various issues in a well-written and well-reasoned opinion, and affirm.

Resolution 90-13 was passed by the defendant board of commissioners authorizing the sale of a parcel of land to defendant Waste Management of Michigan, Inc. (WMM), and the development and operation of a solid waste landfill by WMM pursuant to the Solid Waste Management Act, 1978 PA 641, MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.* After the resolution was passed, plaintiffs initiated a petition drive for a referendum on the resolution, and collected the signatures necessary to place the issue on the ballot. The board refused to place the matter on the ballot and subsequently contracted with WMM for the sale of the landfill site and for the landfill operation. Plaintiffs then filed their complaint seeking declaratory and injunctive relief. The trial court granted defendants partial summary disposition, agreeing with defendants that the resolution was not legislation subject to a referendum.

There is no material issue of fact, and the trial court rendered its decision as a matter of law. Issues of law are subject to review de novo. *Cardinal Mooney High School v Michigan High School*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

We reject plaintiffs' first contention that the trial court erred in determining that Resolution 90-13 was not, in effect, legislation. The nature of the act, not its effect, determines whether an action by the legislative body of a county may be accomplished by resolution rather than by ordinance. *Rollingwood Homeowners Corp, Inc v Flint,* 386 Mich 258, 267-268; 191 NW2d 325 (1971). A resolution is the form in which a legislative body expresses a determination or directs a particular action. It is of special or temporary character, whereas an ordinance prescribes a permanent rule for the conduct of government. *Kalamazoo Municipal Utilities Ass'n v Kalamazoo,* 345 Mich 318, 328; 76 NW2d 1 (1956).

Resolution 90-13 authorized the sale of county-owned land previously designated as the site for the construction of a solid waste landfill. The sale of land does not prescribe a permanent rule for the conduct of government, and need not be accomplished by ordinance, rather than resolution. *Rollingwood, supra.* See also *Brozowski v Detroit,* 351 Mich 10; 87 NW2d 114 (1957). Resolution 90-13 also stated that the agreement for the development and operation of a landfill was a necessary condition of the real estate sale. We agree with the trial court that the contract is in the nature of a service contract, and does not prescribe a permanent rule for the conduct of government.

Plaintiffs also argue that *Curry v Highland Park,* 242 Mich 614; 219 NW 745 (1928), and *Clark v South Haven,* 8 Mich App 74; 153 NW2d 669 (1967), indicate that the sale of land used in furtherance of a governmental function must be authorized by ordinance. We disagree. *Curry* was

based upon the absence of a charter provision authorizing the private sale of property used by the city in the discharge of its governmental functions (piggery used to dispose of garbage). The decision does not provide guidance regarding whether this sale of county-owned land could be accomplished by resolution. *Clark* is also distinguishable. The applicable city charter in that case required a popular vote before the land disposition at issue. No such limitation on the power of the board of commissioners is present in this case. In fact, the Legislature has expressly given to the county boards of commissioners the power to authorize the sale of county-owned property. MCL 45.5 and 46.11; MSA 5.285 and 5.331.

Plaintiffs contend that the resolution grants a public utility franchise and, therefore, pursuant to Const 1963, art 7, § 25, the measure requires approval of three-fifths of the voters. The definition of "public utility" in § 25 is limited to public utilities supplying light, heat, or power. *White v Ann Arbor,* 406 Mich 554, 564-570; 281 NW2d 283 (1979). We agree with the trial court that MCL 123.242; MSA 5.2662, relating to the "public utility" status of any garbage and refuse processing and disposal plant and system, does not broaden the scope of the electoral approval requirement of § 25. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99, 117-118; 43 NW2d 77 (1950).

To the extent that plaintiffs argue that the defendant board was required to grant a franchise for the disposal of solid waste, we disagree. MCL 123.245; MSA 5.2665 allows, but does not mandate, the grant of a franchise, which would require voter approval. MCL 123.246; MSA 5.2666 allows the county to enter into a contract to receive, treat, transfer, and process the waste. We agree

with the trial court that the terms of the agreement did not grant a franchise to WMM.

Finally, plaintiffs have no due process right to reasonable notice of a meeting that they concede was voluntarily conducted and not statutorily mandated.

Affirmed.