*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADELINE HAMBLEY,

Plaintiff-Appellee,

v

OTTAWA COUNTY, OTTAWA COUNTY
BOARD OF COMMISSIONERS, JOE MOSS,
Individually and as an Ottawa County Commissioner,
SYLVIA RHODEA, Individually and as an Ottawa
County Commissioner, LUCY EBEL, Individually
and as an Ottawa County Commissioner,
GRETCHEN COSBY, Individually and as an Ottawa
County Commissioner, REBEKAH CURRAN,
Individually and as an Ottawa County Commissioner,
ROGER BELKNAP, Individually and as an Ottawa
County Commissioner, and ALLISON MIEDEMA
Individually and as an Ottawa County Commissioner,

Defendants-Appellants.

FOR PUBLICATION
October 12, 2023
9:15 a.m.

No. 365918
Ottawa Circuit Court
LC No. 23-007180-CZ

Before: RICK, P.J., and SHAPIRO and YATES, JJ.

YATES, J.

Plaintiff, Adeline Hambley, claims she is the duly appointed administrative health officer of Ottawa County by dint of actions taken by defendant, Ottawa County Board of Commissioners (the Commission), in late 2022 and memorialized by the board chair and the Ottawa County clerk in a resolution. But defendants—including the Commission that was newly constituted in January 2023 as a result of the general election in November 2022—insist that Hambley was not properly appointed, so she has no right to claim the title of health officer. The trial court not only ruled that Hambley was properly appointed, but also issued a preliminary injunction barring the Commission "from taking any action to remove [her] from the position of Health Officer of Ottawa County" until this case is resolved. We granted Ottawa County's application for leave to appeal those two rulings, *Hambley v Ottawa Co*, unpublished order of the Court of Appeals, entered June 6, 2023 (Docket No. 365918), and we now resolve those issues by applying settled principles of Michigan

-1-

law. Specifically, we affirm the trial court's ruling that Hambley was properly appointed as health officer of Ottawa County, but we conclude that the Commission nonetheless retains the authority to terminate Hambley if the Commission complies with the procedures and standards prescribed in MCL 46.11(n).

## I. FACTUAL BACKGROUND

Plaintiff Hambley is a longtime employee of Ottawa County, where she has worked in the health department for nearly two decades. After the November 2022 general election in which the voters of Ottawa County elected a new majority to the Commission, the health officer for Ottawa County announced that she would retire from that position by the end of March 2023. In response, in the waning days of 2022, the outgoing Commission posted the position of Ottawa County health officer, interviewed candidates for the job, and selected Hambley to serve as Ottawa County's new health officer. The outgoing Commission unanimously voted to appoint Hambley and approved a resolution doing so at their final public meeting on December 13, 2022.

After the new Ottawa County board members were sworn in on January 3, 2023, the status of plaintiff Hambley as the county's health officer became a matter of contention. The new board voted to assign Hambley to the position of interim health officer and stated its intention to appoint someone else to serve as Ottawa County's health officer. Hambley responded by filing this action on February 13, 2023, seeking declaratory and injunctive relief as well as damages for termination in violation of public policy.[1] On March 2, 2023, at the behest of plaintiff, the trial court issued a temporary restraining order precluding defendants "from taking any action to remove . . . Hambley from the position of Health Officer of Ottawa County until such time as the parties are heard further on this matter[.]"

On March 10, 2023, defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10). The trial court heard oral arguments on March 31, 2023, addressing the motion for summary disposition filed by defendants as well as plaintiff's request for a preliminary injunction. The trial court then issued a written opinion denying defendants' motion for summary disposition, awarding partial summary disposition to plaintiff Hambley under MCR 2.116(I)(2), and granting a preliminary injunction prohibiting defendants from "taking any action to remove" Hambley from the position of health officer for Ottawa County.

Defendants filed an application for leave to appeal, which we granted in an order issued on June 6, 2023. That order vacated the injunction insofar as "it prohibits the Ottawa County Board of Commissioners from taking action allowed by MCL 46.11(n)," which empowers a county board of commissioners to remove a health officer in limited circumstances and when certain processes are afforded. We also agreed to hear "the issues whether the trial court erred in awarding judgment to plaintiff-appellee on her claim for declaratory relief that she was appointed the health officer of

_____

[1] Plaintiff Hambley filed a first amended complaint on March 24, 2023, expanding the number of her claims from three to five, but the issues before us on this appeal were litigated and resolved on the allegations and claims presented in the original complaint.

Ottawa County by the 2022 Ottawa County Board of Commissioners and whether the trial court erred in granting [her] a preliminary injunction." Thus, we must now take up those two issues.

## II. LEGAL ANALYSIS

The trial court's preliminary injunction flowed from its decision to award partial summary disposition to plaintiff Hambley pursuant to MCR 2.116(I)(2) on her claim that she was appointed as health officer of Ottawa County in 2022 by defendant Commission. Although defendants had moved for summary disposition, the trial court chose instead to award partial summary disposition to Hambley. "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A trial court may award "summary disposition to the opposing party under MCR 2.116(I)(2) if it determines that the opposing party, rather than the moving party, is entitled to judgment." *Jaguar Trading Ltd Partnership v Presler*, 289 Mich App 319, 322; 808 NW2d 495 (2010). In contrast to our de novo review of the summary disposition ruling, "[t]he grant or denial of a preliminary injunction is within the sound discretion of the trial court, and this Court will not reverse that decision absent an abuse of discretion." *Davis v Detroit Fin Review Team*, 296 Mich App 568, 612; 821 NW2d 896 (2012). "An abuse of discretion exists when the decision is outside the range of principled outcomes." *Id*. With these standards in mind, we shall first take up the award of partial summary disposition to Hambley, and then we shall consider the propriety of the preliminary injunction.

## A. PARTIAL SUMMARY DISPOSITION

Defendants called the question of plaintiff Hambley's status as the health officer for Ottawa County by moving for summary disposition, but plaintiff emerged the winner when the trial court granted her declaratory relief on that question under MCR 2.116(I)(2). The Commission took up the appointment of Hambley as health officer at its scheduled meeting on December 13, 2022. The Commission unquestionably considered and approved a motion to appoint Hambley to the position of health officer at the meeting. Later on the date of the meeting, board chair Matthew Fenske and Ottawa County clerk Justin Roebuck signed a resolution (the 2022 Resolution) memorializing the action of the Commission appointing Hambley. The 2022 Resolution stated:

> At a regular meeting of the Ottawa County Board of Commissioners ("Board") held in West Olive, Michigan on December 13, 2022 at 1:30 p.m.
>
> *  *  *
>
> The following resolution was offered by Commissioner Philip Kuyers and supported by Commissioner Roger Bergman:
>
> **WHEREAS**, pursuant to MCL § 52.143 and MCL § 333.2428 as amended, the Board is authorized to enter into a written employment contract with a person to act as Ottawa County's health officer and internal administrative officer of its health department, provided the Michigan Department of Health and Human Services ("DHHS") preliminarily and finally approves the appointment;
>
> **WHEREAS**, the Board determines that Adeline Hambley, currently the Ottawa County Environmental Health Officer, has the requisite qualifications that

would qualify her as Administrative Health Officer, to replace Lisa Stefanovski upon exit from the Department;

> **NOW, THEREFORE, BE IT RESOLVED** that Adeline Hambley is appointed by the Board as Ottawa County Health Officer upon the Michigan Department of Health and Human Services confirming she has the required educational certifications and work background and contingent upon successfully passing a background check; and

> **BE IT FURTHER RESOLVED** that this Resolution replaces, modifies, amends and/or supersedes all inconsistent or prior resolutions or motions regarding the subjects addressed herein.

The 2022 Resolution noted the "yeas" listed in the December 13, 2022 meeting minutes and stated that there were no "nays."

At the next meeting of the Commission on January 3, 2023, however, a newly elected board member moved to appoint plaintiff Hambley as interim health officer. The motion that passed that day not only appointed Hambley "interim administrative health officer until a new administrative health officer is hired[,]" but also authorized "the board chairperson and clerk/register to sign a resolution to appoint Nathaniel Kelly as administrative health officer of Ottawa County contingent upon" (1) approval of the Commission and (2) confirmation by the Michigan Department of Health and Human Services. To justify that action effectively demoting Hambley and naming somebody else as the new health officer, the newly constituted Commission took the position that the minutes of the December 13, 2022 meeting did not reflect Hambley's appointment as health officer for the county. The relevant minutes of the December 13, 2022 meeting of the Commission state:

> Philip Kuyers moved to approve and authorize the Board Chairperson and Clerk/Register to sign a resolution to appoint Adeline Hambley as Ottawa County Administrative Health Officer contingent upon 1) approval by the Board of Commissioners; 2) confirmation by the Michigan Department of Health and Human Services that she has the required educational certifications and work background; and 3) successfully passing the County's background check process.

> The motion passed as shown by the following votes: Yeas: Kyle Terpstra, James Holtvluwer, Douglas Zylstra, Philip Kuyers, Gregory DeJong, Randall Meppelink, Joseph Baumann, Roger Bergman, Allen Dannenberg, Francisco Garcia, Matthew Fenski.

As the newly constituted Commission saw it, on December 13, 2022, the Commission authorized and approved the signing of a resolution appointing Hambley as health officer on three conditions, whereas the 2022 Resolution identified only two of those conditions, omitting the condition that Hambley had to be approved by the board. Thus, the 2022 Resolution was inoperative.

The trial court rejected that position, ruling that the Commission approved the appointment of plaintiff Hambley as health officer at the December 13, 2022 meeting by a unanimous vote. In the trial court's view, "[t]he only remaining contingencies at that point in time were confirmation

of [plaintiff] by the MDHHS and passing the County's background check process." Because both of those contingencies undoubtedly were met, "as a matter of law, Plaintiff was duly appointed as the Ottawa County Health Director." Neither side appears to contest the trial court's conclusions that Hambley was confirmed by the Michigan Department of Health and Human Services and she passed the Ottawa County background check. Therefore, our analysis of the trial court's decision on summary disposition turns on whether Hambley's appointment required additional Commission approval. As a matter of law, fact, and logic, we conclude that it did not require approval from the Commission after its meeting on December 13, 2022.

"A resolution is the form in which a legislative body expresses a determination or directs a particular action." *Duggan v Clare Co Bd of Comm'rs*, 203 Mich App 573, 576; 513 NW2d 192 (1994). When a county commission adopts a resolution, if "the language of the resolution is certain and unambiguous, courts must apply the resolution as written." *Hardaway v Wayne Co*, 494 Mich 423, 427; 835 NW2d 340 (2013). Here, the 2022 Resolution pellucidly prescribes two conditions for plaintiff Hambley's appointment as health officer: (1) "the Michigan Department of Health and Human Services confirming she has the required educational certifications and work background"; and (2) "successfully passing a background check[.]" Defendants insist that those two conditions omit a third condition reflected in the minutes of the Commission meeting on December 13, 2022, i.e., subsequent approval by the Commission, but that argument does not create any ambiguity in the language of the 2022 Resolution. The chair of the Commission and the Ottawa County clerk both signed the 2022 Resolution on December 13, 2022, so the contention that the 2022 Resolution did not reflect the vote of the Commission rings hollow. In sum, Michigan law supports Hambley's position that she satisfied all of the Commission's requirements for appointment as health officer.

As a matter of fact, the Commission placed its imprimatur upon the appointment of plaintiff Hambley at its meeting on December 13, 2022, so the 2022 Resolution accurately reflects the vote of the commissioners. Our review of the video recording of that meeting leads us to the conclusion that the Commission appointed Hambley at that meeting subject to two contingencies. The motion the Commission passed "authorize[d] the board chairperson and clerk/register to sign a resolution to appoint Adeline Hambley as the county administrative health officer contingent upon approval by the board of commissioners, confirmation by the Michigan Department of Health and Human Services that she has [the] required educational certificates and work background and successfully passing the county's background-check process." Strongly suggesting that the sequence of those three contingencies was intentional, rather than arbitrary, the Commission chair then asked, before he called for a vote on the motion, whether Hambley had "accepted the position." After he heard an assurance that she had accepted the position, he called for a vote on the motion, which passed unanimously. The Commission chair, Matthew Fenske, thereafter signed the 2022 Resolution. To assert, under the circumstances, that Hambley had not yet received the "approval of the board of commissioners" when the meeting ended on December 13, 2022, strains credulity.

Moreover, we view defendants' invitation to parse and favor the meeting minutes and video recording in the face of unambiguous language in the 2022 Resolution is a recipe for chaos. Under Michigan law, unambiguous resolutions constitute the gold standard for defining the decisions of a county commission. See *Hardaway*, 494 Mich at 427. To encourage challenges to unambiguous resolutions based on meeting minutes and recordings fosters uncertainty in local government. In this case, the motion made on December 13, 2022, authorized the Commission chair and the clerk to sign a resolution to appoint plaintiff Hambley as health officer contingent upon approval by the

board of commissioners, confirmation by the Michigan Department of Health and Human Services that she had the required educational certificates and work background, and successfully passing the county's background-check process. Approval by the Commission came first at the meeting on December 13, 2022, and then—as defendants state in their appellate brief—"[i]t is undisputed that Plaintiff obtained MDHHS approval for her credentials on December 20, 2022 and passed her background check[.]" Because the 2022 Resolution reflected the Commission's decision and the two remaining contingencies, the resolution constituted "the form in which the [Commission] . . . direct[ed] a particular action[,]" i.e., the appointment of Hambley as health officer. See *Duggan*, 203 Mich App at 576.

We reject defendants' claim that strict reliance on an unambiguous resolution runs afoul of the Open Meetings Act (OMA), MCL 15.261 *et seq*., which obligates "public bodies [to] conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 134-135; 860 NW2d 51 (2014). According to MCL 15.270(1), "[d]ecisions of a public body shall be presumed to have been adopted in compliance with the requirements of" the OMA. To be sure, MCL 15.263(2) mandates that "decisions of a public body must be made at a meeting open to the public." The Commission in this case decided to appoint plaintiff Hambley as health officer at a meeting open to the public on December 13, 2022. The 2022 Resolution simply memorialized the decision the Commission made at that open meeting.

To support their OMA argument, defendants rely on *Lockwood v Ellington Twp*, 323 Mich App 392; 917 NW2d 413 (2018), where we explained that "if an action taken at a meeting held in violation of OMA is not reenacted, it is not valid, and it has no force or effect." *Id*. at 405. Here, in contrast, defendants have not demonstrated that any meeting was held in violation of the OMA. To the contrary, the Commission meeting held on December 13, 2022, did not violate the OMA, and the subsequent signing of the 2022 Resolution accurately memorializing the motion passed at that meeting likewise did not violate the OMA. Thus, neither the OMA nor any Michigan statute requires us to dispense with the presumption in the OMA that the decision of the Commission on December 13, 2022, "was adopted in compliance with the requirements of the" OMA. See MCL 15.270(1). Consequently, we must affirm the trial court's decision on summary disposition under MCR 2.116(I)(2) that plaintiff Hambley is the duly appointed health officer of Ottawa County.

## B. INJUNCTIVE RELIEF

The trial court issued an injunctive order on April 19, 2023, stating: "[d]efendants and their agents ARE ENJOINED AND PREVENTED from taking any action to remove [p]laintiff Adeline Hambley from the position of Health Officer of Ottawa County until such time as the parties are heard further on this matter[.]" Defendants insist that the trial court erred in issuing that sweeping preliminary injunction. Although we conclude that the trial court did not abuse its discretion when it decided to afford Hambley injunctive relief, we hold that the scope of the preliminary injunction, which does not permit the Commission to terminate Hambley under MCL 46.11(n), constitutes an abuse of discretion because it deprives the Commission of authority granted to it by Michigan law.

In analyzing plaintiff Hambley's request for injunctive relief, the trial court identified four factors that should be considered: (1) plaintiff's likelihood of success on the merits; (2) the danger that plaintiff will suffer irreparable harm if an injunction is not issued; (3) the balance of harms to

the competing party in the presence or absence of injunctive relief; and (4) the harm to the public interest if an injunction is issued. *Davis*, 296 Mich App at 613. Based on MCL 46.11(n), the trial court noted that a duly appointed county health officer may only be terminated by the Commission if the health officer is "either incompetent or engaging in misconduct or neglect of duty." Although that observation captures the essence of the statute, the language of MCL 46.11(n) prescribes those limits in a grant of authority to the Commission that states as follows:

> A county board of commissioners, at a lawfully held meeting, may . . . remove an officer or agent appointed by the board if, in the board's opinion, the officer or agent is incompetent to execute properly the duties of the office or if, on charges and evidence, the board is satisfied that the officer or agent is guilty of official misconduct, or habitual or willful neglect of duty, and if the misconduct or neglect is a sufficient cause for removal.

Because the trial court ruled (and we have affirmed) that Hambley was appointed as health officer for Ottawa County by the Commission, she has clearly prevailed on her claim for declaratory relief, so her likelihood of success on the merits is absolute. But we must consider the other three factors that bear upon the propriety of the trial court's injunctive order.

The likelihood of harm to plaintiff Hambley absent injunctive relief cannot be gainsaid on the record before us. As the trial court observed, the newly constituted "Board's actions in its first meeting, by calling [p]laintiff 'interim' and by appearing to hire another individual, indicate they are likely taking adverse action against her." Losing her job manifestly would be financially and professionally catastrophic for Hambley. In contrast, the likely harm to defendants if an injunction remains in place is minimal if Hambley is a qualified, competent health officer. Thus, the second and third factors both militate in favor of some injunctive relief to protect Hambley as this litigation unfolds. Likewise, the public interest is well-served by a preliminary injunction that keeps in place a qualified, competent health officer such as Hambley during the pendency of this case.

But if plaintiff Hambley proves to be "incompetent[,]" or "guilty of official misconduct, or habitual or willful neglect of duty," as contemplated by MCL 46.11(n), then the second, third, and fourth factors in the analysis of injunctive relief all weigh against a sweeping injunction that leaves her in place as the health officer for Ottawa County. Moreover, the preliminary injunction put in place by the trial court, which flatly prohibits defendants from "taking any action to remove" her from the position of health officer, strips the Commission of removal powers expressly granted by Michigan law in MCL 46.11(n). Thus, the trial court's preliminary injunction constitutes an abuse of discretion insofar as it prevents the Commission from exercising its statutory authority under MCL 46.11(n). Therefore, we reaffirm the ruling in our order issued on June 6, 2023, that "vacates the April 19, 2023 order to the extent that it prohibits the Ottawa County Board of Commissioners from taking action allowed by MCL 46.11(n) to remove plaintiff-appellee as the health officer for Ottawa County." We affirm the trial court's injunctive order in all other respects because nothing other than the prohibition against exercising the authority granted under MCL 46.11(n) constitutes an abuse of discretion by the trial court.

Affirmed in part, reversed in part, and remanded for further proceedings.[2] We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Michelle M. Rick
/s/ Douglas B. Shapiro

---

[2] In our order issued on June 6, 2023, we stayed the "trial court proceedings . . . pending resolution of this appeal or further order of this Court." Having resolved all issues on which we granted leave to appeal, we hereby lift that stay and authorize the trial court to resume proceedings in this case.